## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMEEKA JONES | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   26-CV-1684 |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC | ) |
| Defendants. | ) |
| | ) |
| | ) |

RECEIVED
MAR 2 0 2026
PRO SE OFFICE

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Shameeka Jones, ("Ms. Jones"), and complains of the Defendant, Experian Information Solutions, Inc ("Experian"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory damages and cost brought by Ms. Jones against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

REC'D IN PRO SE OFFICE
MAR 20 '26 AM 11:23

4.    Venue is proper in Kings County, New York because the acts complained of were committed and/or caused by the Defendant within Kings County.

## PARTIES

5.    Ms. Jones is a natural person residing in Brooklyn, Kings County, New York.

6.    Ms. Jones is a Consumer as defined by 15 U.S.C. § 1681a(c).

7.    Experian is an Ohio corporation, with a primary business address of 475 Anton Blvd Costa Mesa, CA 92626.

8.    Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Ms. Jones' March 2026 Consumer Disclosure

9.     On or about March 6, 2026, Ms. Jones requested a copy of her consumer credit disclosure from Experian. SEE PLAINTIFF'S EXHIBIT A

10.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Jones' request, Experian was required to "clearly and accurately" disclose all information in Ms. Jones' file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

11.    Experian provided an electronic copy of Ms. Jones' Consumer Disclosure ("Experian's Disclosure") to via annualcreditreport.com

## Missing Account Numbers, Missing Account Information and Payment History

12.    Making matters even more confusing for Ms. Jones, Experian omitted the full Account Numbers, Missing Account Information and Payment History relating to Dept of Education/Nelnet and TD Auto Finance trade lines.

13.    DEPT OF EDUCATION/NELNET 900000XXXXXXXXX is incomplete, Date Opened is incomplete because it doesn't match with the payment history, Recent Payment is incomplete, Terms and Monthly Payment are inaccurate, Highest Balance is incomplete, in the Payment History section the data is incomplete, Balance Histories is incomplete because the data you have doesn't match with your records.

14. DEPT OF EDUCATION/NELNET 900000XXXXXXXXX is incomplete, Date Opened is incomplete because it doesn't match with the payment history, Recent Payment is incomplete, Terms and Monthly Payment are inaccurate, Highest Balance is incomplete, in the Payment History section the data is incomplete, Balance Histories is incomplete because the data you have doesn't match with your records.

15. DEPT OF EDUCATION/NELNET 900000XXXXXXXXX is incomplete, Date Opened is incomplete because it doesn't match with the payment history, Recent Payment is incomplete, Terms and Monthly Payment are inaccurate, Highest Balance is incomplete, in the Payment History section the data is incomplete, Balance Histories is incomplete because the data you have doesn't match with your records.

16. DEPT OF EDUCATION/NELNET 900000XXXXXXXXX is incomplete, Date Opened is incomplete because it doesn't match with the payment history, Recent Payment is incomplete, Terms and Monthly Payment are inaccurate, Highest Balance is incomplete, in the Payment History section the data is incomplete, Balance Histories is incomplete because the data you have doesn't match with your records.

17. TD AUTO FINANCE 110471XXXX is incomplete, Recent Payment is incomplete, Highest Balance is incomplete, On Record Until is

incomplete because the full date is not given, in the Payment History section the data is incomplete, Balance Histories is incomplete because the data you have doesn't match with your records.

18.    On information and belief, this data furnisher reported the full account numbers, missing account information and payment history belonging to its respective accounts to Experian, and this information was contained within Experian's file regarding Ms. Jones at the time of her request.

19.    When Experian produces and sells reports regarding Ms. Jones to third parties, the full account numbers, missing account information and payment history are included in its reports.

20.    The accuracy of Experian's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

21.    Having a duty to disclose all of the information regarding the accounts in Ms. Jones' file, Experian breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in her credit file.

22.    Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

23. Experian's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

24. On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Experian, and this information was contained within Experian's file on Ms. Jones at the time of her request for her consumer disclosure.

25. Due to widespread systemic problems, Experian's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

26. Experian knows of this error but, despite such knowledge, has yet to correct it. **Experian knows this incomplete data affects the creditworthiness.**

27. The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Experian, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a

clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

28.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

29.    The lack of accurate, full account numbers, missing account information and payment history caused Ms. Jones great frustration and emotional distress when trying to understand her credit report and verify it against her own records.

30.    Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

31.    Experian's omission of the full account numbers, missing account information and payment history greatly decreases a consumer's ability to

understand her consumer credit disclosure, identify the accounts, and compare those accounts with her own records.

## Prevalence of Experian's Account Number Errors, Missing Account Information and Payment History

32. On information and belief, Experian's Disclosure to Ms. Jones was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

33. On information and belief, this same template is used virtually every time a consumer requests their file from Experian through www.annualcreditreport.com.

34. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Experian credit disclosure.

35. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and payment history errors.

36. Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Experian

through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Ms. Jones.

37.    Experian's error has therefore likely affected thousands of consumers.

38.    Experian has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

39.    Experian's knowing and repeated conduct warrants an award of punitive damages.

40.    Experian's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

41.    Ms. Jones has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

42.    Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Ms. Jones deprived her of this right.

## COUNT I
## VIOLATIONS OF THE FCRA

43.    Ms. Jones adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

44.    Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Ms. Jones' request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Jones, a Consumer, all of the information in her file at the time of the request. Specifically, Experian disclosed five (5) accounts reported without disclosing the full account number, missing account information and payment history or five (5) accounts also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

45.    Experian knowingly provided inaccurate and incomplete information in Ms. Jones' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

46.    Experian is therefore liable to Ms. Jones, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus costs.

47.    Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Ms. Jones, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against Experian for:

a.   The greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Jones' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Jones demands a jury trial on all issues so triable.

Respectfully submitted on March 17, 2025, by:

Shameeka Jones

465 Ocean Ave., Apt 3A

Brooklyn, NY 11226

347-451-8008

shameekah.jones@gmail.com

## ATTACHED EXHIBIT LIST

1.    Ms. Jones' Experian Consumer Disclosure, March 6, 2026.

2.    FTC Opinion Letter.

3.    CFPB on 15 U.S.C. § 1681g(a)(1) January of 2024

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| SHAMEEKA JONES | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Experian Information Solutions, Inc
475 Anton Blvd
Costa Mesa, CA 92626

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Shameeka Jones
465 Ocean Ave., Apt 3A
Brooklyn, NY 11226
347-451-8008
shameekah.jones@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHAMEEKA JONES | EXPERIAN INFORMATION SOLUTIONS, INC |

**(b)** County of Residence of First Listed Plaintiff **Kings**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shameeka Jones
465 Ocean Ave., Apt 3A
Brooklyn, NY 11226

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FCRA
Brief description of cause:
nothing giving all of the information at the time of the request

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
March 17, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Prepared For

## SHAMEEKA JONES

**Personal & Confidential**

Date Generated   Mar 6, 2026

Report Number   1167-8258-92

# Ex. 1

## At a Glance      24 Accounts      0 Public Records      2 Hard Inquiries

## Personal Information

| | | | | |
|---|---|---|---|---|
| 11 Names | 3 Addresses | 4 Employers | 1 Personal Statements | 2 Other Records |

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

---

## Names

| | | | |
|---|---|---|---|
| SHAMEEKA A JONES<br>Name ID #8315 | SHAMEEKA JONES<br>Name ID #27037 | SHAMEEKAH A JONES<br>Name ID #26196 | MEEKA JONES<br>Name ID #4164 |
| MEEKAH JONES<br>Name ID #10256 | SHAMEEKA ANN JONES<br>Name ID #8791 | SHAMEEKA JONES GREENIDGE<br>Name ID #29438 | SHAMEEKA GREENIDGE<br>Name ID #22731 |
| SHAMEEKA JONES GREENIDGE<br>Name ID #25585 | SHAMEEKA A JONESGREENIDGE<br>Name ID #26267 | SHAMEETAH A JONES<br>Name ID #26485 | |

## Addresses

**465 OCEAN AVE**
**BROOKLYN NY, 11226-2904**

Address ID #0988356559
Multifamily

**465 OCEAN AVE**
**BROOKLYN NY, 11226-2904**

Address ID #0022073960

**465 OCEAN AVE APT3A**
**BROOKLYN NY, 11226-2962**

Address ID #0022073813
Apartment complex

## Year of Birth

**1985**

## Phone Numbers

**(347) 451-8008**

Cellular

## Employers

**BEST BUY**

**STARBUCKS**

**THE CHILDREN S PLACE**

**GRISTEDE S**

MANHATTAN ,

## Personal Statements

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 347-451-8008. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-24-25.

## Accounts

Includes credit cards, real estate loans and installment loans. This information is reported to the credit bureaus from your creditors.

## ALLY FINANCIAL

### Account Info

| | |
|---|---|
| Account Name | ALLY FINANCIAL |
| Account Number | 673928XXXXXX |
| Account Type | Auto Loan |
| Responsibility | Individual |
| Date Opened | 04/23/2019 |
| Status | Paid, Closed/Never late. |
| Status Updated | June 2023 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $15,324 |
| Highest Balance | - |
| Terms | 72 Months |
| On Record Until | Jun 2033 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | — | — | — | — | — | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met    CLS  Closed

This account is scheduled to continue on record until Jun 2033.

## ✉ Contact Info

| | |
|---|---|
| Address | PO BOX 380901, BLOOMINGTON MN 55438 |
| Phone Number | (888) 925-2559 |

# AMERICAN EXPRESS

## Account Info

| | |
|---|---|
| Account Name | AMERICAN EXPRESS |
| Account Number | 3499924343307403 |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 03/06/2017 |
| Status | Open/Never late. |
| Status Updated | Mar 2026 |
| Balance | $114 |
| Balance Updated | 03/03/2026 |
| Recent Payment | - |
| Monthly Payment | $40 |
| Credit Limit | $1,000 |
| Highest Balance | $1,516 |
| Terms | - |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Feb 2026 | $202 | $40 | $0 |
| Jan 2026 | $174 | $40 | $0 |
| Dec 2025 | $97 | $40 | $0 |
| Nov 2025 | $174 | $40 | $0 |
| Oct 2025 | $67 | $40 | $0 |
| Sep 2025 | $137 | $40 | $0 |
| Aug 2025 | $118 | $40 | $0 |
| Jul 2025 | $187 | $40 | $0 |
| Jun 2025 | $477 | $40 | $0 |
| May 2025 | $0 | $0 | $0 |
| Apr 2025 | $42 | $40 | $0 |
| Mar 2025 | $4 | $4 | $0 |
| Feb 2025 | $291 | $40 | $0 |
| Jan 2025 | $389 | $40 | $0 |
| Dec 2024 | $485 | $40 | $0 |
| Nov 2024 | $142 | $40 | $0 |
| Oct 2024 | $84 | $40 | $0 |
| Sep 2024 | $160 | $40 | $0 |

3/6/26, 11:20 AM                                  Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| **Aug 2024** | $2 | $2 | $0 |
| **Jul 2024** | $0 | $0 | $0 |
| **Jun 2024** | $0 | $0 | $0 |
| **May 2024** | $0 | $0 | $0 |
| **Apr 2024** | $0 | $0 | $0 |
| **Mar 2024** | $46 | $40 | $0 |

## Additional info

Between Sep 2024 and Feb 2026, your credit limit/high balance was $1,000

Between Mar 2024 and Aug 2024, your credit limit/high balance was $9,300

---



## Contact Info

| | |
|---|---|
| Address | PO BOX 981537, EL PASO TX 79998 |
| Phone Number | (800) 874-2717 |

# AMERICAN EXPRESS



## Account Info

| | |
|---|---|
| Account Name | **AMERICAN EXPRESS** |
| Account Number | **3499928731587503** |
| Account Type | **Credit card** |
| Responsibility | **Individual** |
| Date Opened | **05/13/2021** |
| Status | **Paid, Closed/Never late.** |
| Status Updated | **Aug 2021** |
| Balance | **-** |
| Balance Updated | **-** |
| Recent Payment | **-** |
| Monthly Payment | **-** |
| Credit Limit | **-** |
| Highest Balance | **$595** |
| Terms | **1 Month** |
| On Record Until | **Aug 2031** |

## Payment History



|       | J | F | M | A | M | J | J | A | S | O | N | D |
|-------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021  | — | — | — | — | ✓ | ✓ | CLS | CLS | — | — | — | — |

✓  Current / Terms met      CLS  Closed

This account is scheduled to continue on record until Aug 2031.

## Contact Info

| Address | PO BOX 981537,<br>EL PASO TX 79998 |
|---------|-----------------------------------|
| Phone Number | (800) 874-2717 |

## Comment

**Current:**

Account closed at consumer's request.

**Previous:**

None

# AMERICAN EXPRESS

## Account Info

| Account Name | AMERICAN EXPRESS |
|--------------|------------------|
| Account Number | 3499930737469543 |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 01/13/2023 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $8 |
| Balance Updated | 02/24/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Credit Limit | - |
| Highest Balance | $3,936 |

| Terms | 1 Month |
|-------|---------|

## $ Payment History

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓   Current / Terms met

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Jan 2026 | $802 | $0 | $0 |
| Dec 2025 | $570 | $0 | $0 |
| Nov 2025 | $25 | $0 | $0 |
| Oct 2025 | $124 | $0 | $0 |
| Sep 2025 | $0 | $0 | $0 |
| Aug 2025 | $50 | $0 | $0 |
| Jul 2025 | $245 | $0 | $0 |
| Jun 2025 | $290 | $0 | $0 |
| May 2025 | $356 | $0 | $0 |
| Apr 2025 | $0 | $0 | $0 |
| Mar 2025 | $89 | $0 | $0 |
| Feb 2025 | $333 | $0 | $0 |
| Jan 2025 | $459 | $0 | $0 |
| Dec 2024 | $252 | $0 | $0 |
| Nov 2024 | $363 | $0 | $0 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Oct 2024 | $268 | $0 | $0 |
| Sep 2024 | $227 | $0 | $0 |
| Aug 2024 | $0 | $0 | $0 |
| Jul 2024 | $921 | $0 | $0 |
| Jun 2024 | $0 | $0 | $0 |
| May 2024 | $36 | $0 | $0 |
| Apr 2024 | $489 | $0 | $0 |
| Mar 2024 | $383 | $0 | $0 |

## Additional info

Between Mar 2024 and Jan 2026, your credit limit/high balance was $3,936



## Contact Info

| | |
|---|---|
| Address | PO BOX 981537, EL PASO TX 79998 |
| Phone Number | (800) 874-2717 |

# APPLE CARD/GS BANK USA



## Account Info

| | |
|---|---|
| Account Name | APPLE CARD/GS BANK USA |
| Account Number | 110001XXXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 11/20/2019 |
| Status | Open/Never late. |
| Status Updated | Jan 2026 |
| Balance | $499 |
| Balance Updated | 01/31/2026 |
| Recent Payment | $202 as of 1/31/2026 |
| Monthly Payment | $24 |
| Credit Limit | $4,500 |
| Highest Balance | $3,145 |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

Terms

### $ Payment History

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | — | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | — | — | — | — | — | — | — | — | ✓ | ✓ |

✓  Current / Terms met

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2025 | $524 | $27 | $204 on 12/26/2025 |
| Nov 2025 | $551 | $32 | $208 on 11/24/2025 |
| Oct 2025 | $581 | $24 | $197 on 10/14/2025 |
| Sep 2025 | $599 | $0 | $143 on 9/19/2025 |
| Aug 2025 | $0 | $0 | $594 on 8/31/2025 |
| Jul 2025 | $311 | $141 | $313 on 7/16/2025 |
| Jun 2025 | $453 | $141 | $349 on 6/14/2025 |
| May 2025 | $594 | $171 | $343 on 5/29/2025 |
| Apr 2025 | $766 | $196 | $447 on 4/15/2025 |
| Mar 2025 | $1,049 | $171 | $333 on 3/15/2025 |
| Feb 2025 | $1,108 | $196 | $556 on 2/16/2025 |
| Jan 2025 | $1,665 | $262 | $262 on 1/27/2025 |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2024 | $1,542 | $255 | $286 on 12/31/2024 |
| Nov 2024 | $1,448 | $228 | $437 on 11/24/2024 |
| Oct 2024 | $1,683 | $244 | $244 on 10/16/2024 |
| Sep 2024 | $1,910 | $125 | $120 on 9/18/2024 |
| Aug 2024 | $782 | $145 | $365 on 8/20/2024 |
| Jul 2024 | $1,141 | $0 | $0 on 6/28/2024 |
| Jun 2024 | $0 | $0 | $1,594 on 6/28/2024 |
| May 2024 | $1,438 | $176 | $179 on 5/27/2024 |
| Apr 2024 | $1,613 | $176 | $180 on 4/30/2024 |
| Mar 2024 | $1,790 | $176 | $184 on 3/31/2024 |

## Additional info

Between Mar 2024 and Dec 2025, your credit limit/high balance was $4,500

---



## Contact Info

| | |
|---|---|
| Address | LOCKBOX 6112 P.O. BOX 7247, PHILADELPHIA PA 19170 |
| Phone Number | (877) 255-5923 |

---

# BARCLAYS BANK DELAWARE



## Account Info

| | |
|---|---|
| Account Name | BARCLAYS BANK DELAWARE |
| Account Number | 000268XXXXXXXXX |
| Account Type | Credit Card |
| Responsibility | Individual |
| Date Opened | 06/15/2016 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $0 |
| Balance Updated | 02/27/2026 |
| Recent Payment | - |

| Monthly Payment | $0 |
|---|---|
| Credit Limit | $1,000 |
| Highest Balance | $1,849 |
| Terms | - |

## $ Payment History

|  | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met

## 📑 Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $0 | $0 | $0 on 7/28/2025 |
| Dec 2025 | $0 | $0 | $0 on 7/28/2025 |
| Nov 2025 | $0 | $0 | $0 on 7/28/2025 |
| Oct 2025 | $0 | $0 | $0 on 7/28/2025 |
| Sep 2025 | $0 | $0 | $0 on 7/28/2025 |
| Aug 2025 | $0 | $0 | $104 on 7/28/2025 |
| Jul 2025 | $104 | $29 | $106 on 7/23/2025 |
| Jun 2025 | $206 | $29 | $109 on 6/14/2025 |
| May 2025 | $309 | $29 | $112 on 5/23/2025 |
| Apr 2025 | $412 | $29 | $111 on 4/15/2025 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Mar 2025 | $511 | $29 | $132 on 3/15/2025 |
| Feb 2025 | $572 | $0 | $0 on 3/6/2023 |
| Jan 2025 | $0 | $0 | $0 on 3/6/2023 |
| Dec 2024 | $0 | $0 | $0 on 3/6/2023 |
| Nov 2024 | $0 | $0 | $0 on 3/6/2023 |
| Oct 2024 | $0 | $0 | $0 on 3/6/2023 |
| Sep 2024 | $0 | $0 | $0 on 3/6/2023 |
| Aug 2024 | $0 | $0 | $0 on 3/6/2023 |
| Jul 2024 | $0 | $0 | $0 on 3/6/2023 |
| Jun 2024 | $0 | $0 | $0 on 3/6/2023 |
| May 2024 | $0 | $0 | $0 on 3/6/2023 |
| Apr 2024 | $0 | $0 | $0 on 3/6/2023 |
| Mar 2024 | $0 | $0 | $0 on 3/6/2023 |

### Additional info

Between Apr 2024 and Jan 2026, your credit limit/high balance was $1,000

Between Mar 2024 and Mar 2024, your credit limit/high balance was $4,130



### Contact Info

| Address | PO BOX 8803, WILMINGTON DE 19899 |
|---------|-----------------------------------|
| Phone Number | (888) 232-0780 |



### Reinvestigation Info

This item was updated from our processing of your dispute in Mar 2019.

## BARCLAYS BANK DELAWARE

 **Account Info**

| | |
|---|---|
| Account Name | BARCLAYS BANK DELAWARE |
| Account Number | 000499XXXXXXXXX |
| Account Type | Credit Card |
| Responsibility | Individual |
| Date Opened | 03/06/2023 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $27 |
| Balance Updated | 02/18/2026 |
| Recent Payment | $1,626 as of 2/11/2026 |
| Monthly Payment | $27 |
| Credit Limit | $6,200 |
| Highest Balance | $6,035 |
| Terms | - |

**Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $1,626 | $35 | $123 on 1/14/2026 |
| Dec 2025 | $1,223 | $39 | $126 on 12/14/2025 |
| Nov 2025 | $1,326 | $41 | $127 on 11/14/2025 |
| Oct 2025 | $1,427 | $45 | $130 on 10/14/2025 |
| Sep 2025 | $1,530 | $46 | $130 on 9/14/2025 |
| Aug 2025 | $1,630 | $49 | $132 on 7/28/2025 |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Jul 2025 | $1,732 | $67 | $158 on 7/3/2025 |
| Jun 2025 | $1,626 | $95 | $1,574 on 6/4/2025 |
| May 2025 | $3,149 | $89 | $89 on 5/14/2025 |
| Apr 2025 | $2,978 | $86 | $401 on 3/18/2025 |
| Mar 2025 | $3,220 | $133 | $133 on 3/14/2025 |
| Feb 2025 | $2,897 | $171 | $2,792 on 2/12/2025 |
| Jan 2025 | $5,584 | $171 | $171 on 1/14/2025 |
| Dec 2024 | $5,638 | $206 | $206 on 12/14/2024 |
| Nov 2024 | $5,728 | $172 | $172 on 11/16/2024 |
| Oct 2024 | $5,686 | $182 | $203 on 10/3/2024 |
| Sep 2024 | $5,773 | $184 | $200 on 9/14/2024 |
| Aug 2024 | $5,847 | $179 | $203 on 8/14/2024 |
| Jul 2024 | $5,805 | $187 | $200 on 7/14/2024 |
| Jun 2024 | $5,883 | $281 | $281 on 6/14/2024 |
| May 2024 | $6,035 | $39 | $100 on 5/3/2024 |
| Apr 2024 | $676 | $29 | $0 on 3/14/2024 |
| Mar 2024 | $205 | $29 | $106 on 3/14/2024 |

## Additional info

Between Apr 2024 and Jan 2026, your credit limit/high balance was $6,200

Between Mar 2024 and Mar 2024, your credit limit/high balance was $23,400

---

 **Contact Info**

Address                          PO BOX 8803,
                                 WILMINGTON DE 19899

Phone Number                     (888) 232-0780

---

 **Comment**

**Current:**

---

None

Previous:

Account previously in dispute - investigation complete, reported by data furnisher

Apr 2024

# CAPITAL ONE

 ## Account Info

| | |
|---|---|
| Account Name | CAPITAL ONE |
| Account Number | 517805XXXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 12/11/2015 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $14 |
| Balance Updated | 02/11/2026 |
| Recent Payment | - |
| Monthly Payment | $14 |
| Credit Limit | $3,500 |
| Highest Balance | $1,123 |
| Terms | - |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

Annual Credit Report - Experian

✓  Current / Terms met

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Jan 2026 | $717 | $25 | $0 on 1/8/2026 |
| Dec 2025 | $832 | $25 | $0 on 12/8/2025 |
| Nov 2025 | $144 | $25 | $0 on 11/8/2025 |
| Oct 2025 | $75 | $25 | $0 on 10/14/2025 |
| Sep 2025 | $0 | $0 | $0 on 7/29/2025 |
| Aug 2025 | $0 | $0 | $0 on 7/29/2025 |
| Jul 2025 | $0 | $0 | $0 on 7/8/2025 |
| Jun 2025 | $12 | $12 | $0 on 6/13/2025 |
| May 2025 | $790 | $25 | $0 on 4/15/2025 |
| Apr 2025 | $196 | $25 | $0 on 3/15/2025 |
| Mar 2025 | $54 | $25 | $0 on 4/3/2024 |
| Feb 2025 | $0 | $0 | $0 on 4/3/2024 |
| Jan 2025 | $0 | $0 | $0 on 4/3/2024 |
| Dec 2024 | $0 | $0 | $0 on 4/3/2024 |
| Nov 2024 | $0 | $0 | $0 on 4/3/2024 |
| Oct 2024 | $0 | $0 | $0 on 4/3/2024 |
| Sep 2024 | $0 | $0 | $0 on 4/3/2024 |
| Aug 2024 | $0 | $0 | $0 on 4/3/2024 |
| Jul 2024 | $0 | $0 | $0 on 4/3/2024 |
| Jun 2024 | $0 | $0 | $0 on 4/3/2024 |
| May 2024 | $0 | $0 | $0 on 4/3/2024 |
| Apr 2024 | $0 | $0 | $0 on 4/3/2024 |
| Mar 2024 | $78 | $25 | $0 on 3/8/2024 |

3/6/26, 11:20 AM                                      Annual Credit Report - Experian

## Additional info

Between Mar 2024 and Jan 2026, your credit limit/high balance was $3,500

---

 **Contact Info**

| | |
|---|---|
| Address | PO BOX 31293, SALT LAKE CITY UT 84131 |
| Phone Number | (800) 955-7070 |

---

# CITI CARDS/CITIBANK

## Account Info

| | |
|---|---|
| Account Name | CITI CARDS/CITIBANK |
| Account Number | 542418XXXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 05/27/2017 |
| Status | Paid, Closed/Never late. |
| Status Updated | Aug 2021 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $2,300 |
| Highest Balance | $1,277 |
| Terms | - |
| On Record Until | Aug 2031 |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | — | — | — | — |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓    Current / Terms met    CLS    Closed

This account is scheduled to continue on record until Aug 2031.

## Contact Info

| | |
|---|---|
| Address | PO BOX 6241, SIOUX FALLS SD 57117 |
| Phone Number | (800) 950-5114 |

## Comment

**Current:**

Closed due to inactivity

**Previous:**

None

# CITI CARDS/CITIBANK

## Account Info

| | |
|---|---|
| Account Name | CITI CARDS/CITIBANK |
| Account Number | 546616XXXXXXXXXX |
| Account Type | Credit Card |
| Responsibility | Individual |
| Date Opened | 07/03/2016 |
| Status | Paid, Closed/Never late. |
| Status Updated | Feb 2021 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $2,500 |
| Highest Balance | $1,865 |
| Terms | - |
| On Record Until | Feb 2031 |

## Payment History

|      | J | F   | M | A | M | J | J | A | S | O | N | D |
|------|---|-----|---|---|---|---|---|---|---|---|---|---|
| 2021 | ✓ | CLS | — | — | — | — | — | — | — | — | — | — |
| 2020 | ✓ | ✓   | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓   | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓   | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | ✓ | ✓   | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2016 | — | —   | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓   Current / Terms met     CLS   Closed

This account is scheduled to continue on record until Feb 2031.

## Contact Info

| | |
|---|---|
| Address | PO BOX 6241, SIOUX FALLS SD 57117 |
| Phone Number | (800) 950-5114 |

## Comment

**Current:**

Closed due to inactivity

**Previous:**

None

# CITIBANK N A

## Account Info

| | |
|---|---|
| Account Name | CITIBANK N A |
| Account Number | 677897XXXX |
| Account Type | Unsecured |
| Responsibility | Individual |
| Date Opened | 11/06/2016 |
| Status | Paid, Closed/Never late. |
| Status Updated | Feb 2019 |
| Balance | - |
| Balance Updated | - |

3/6/26, 11:20 AM                                   Annual Credit Report - Experian

| | | | | |
|---|---|---|---|---|
| Recent Payment | | | - | |
| Monthly Payment | | | - | |
| Original Balance | | | $4,000 | |
| Highest Balance | | | - | |
| Terms | | | 48 Months | |
| On Record Until | | | Feb 2029 | |

## $ Payment History

|  | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | ✓ | CLS | — | — | — | — | — | — | — | — | — | — |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ✓ | ✓ | ✓ |
| 2016 | — | — | — | — | — | — | — | — | — | — | ✓ | ✓ |

✓   Current / Terms met    CLS   Closed

ND   No data for this period

This account is scheduled to continue on record until Feb 2029.

## ✉ Contact Info

| | |
|---|---|
| Address | PO BOX 6181, SIOUX FALLS SD 57117 |
| Phone Number | (800) 685-0935 |

# DEPT OF EDUCATION/NELNET

##  Account Info

| | |
|---|---|
| Account Name | DEPT OF EDUCATION/NELNET |
| Account Number | 900000XXXXXXXXX |
| Account Type | Education |
| Responsibility | Individual |
| Date Opened | 03/02/2018 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $9,772 |
| Balance Updated | 02/28/2026 |

| | |
|---|---|
| Recent Payment | - |
| Monthly Payment | $0 |
| Original Balance | $9,219 |
| Highest Balance | - |
| Terms | 300 Months |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ND | ND | ND | ND | ND |
| 2019 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met     ND    No data for this period

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $9,744 | $0 | $0 on 1/12/2026 |
| Dec 2025 | $9,713 | $0 | $0 on 12/12/2025 |
| Nov 2025 | $9,682 | $0 | $0 on 11/12/2025 |
| Oct 2025 | $9,652 | $0 | $0 on 10/12/2025 |
| Sep 2025 | $9,621 | $0 | $0 on 9/12/2025 |
| Aug 2025 | $9,591 | $0 | $0 on 8/12/2025 |
| Jul 2025 | $9,560 | $0 | $0 on 7/12/2025 |
| Jun 2025 | $9,529 | $0 | $0 on 6/12/2025 |
| May 2025 | $9,499 | $0 | $0 on 5/12/2025 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Apr 2025 | $9,468 | $0 | $0 on 4/12/2025 |
| Mar 2025 | $9,438 | $0 | $0 on 3/12/2025 |
| Feb 2025 | $9,407 | $0 | $0 on 2/12/2025 |
| Jan 2025 | $9,379 | $0 | $0 on 1/12/2025 |
| Dec 2024 | $9,348 | $0 | $0 on 12/12/2024 |
| Nov 2024 | $9,317 | $0 | $0 on 11/12/2024 |
| Oct 2024 | $9,287 | $0 | $0 on 10/12/2024 |
| Sep 2024 | $9,256 | $0 | $0 on 9/12/2024 |
| Aug 2024 | $9,226 | $0 | $0 on 8/12/2024 |
| Jul 2024 | $9,195 | $0 | $0 on 7/12/2024 |
| Jun 2024 | $9,164 | $0 | $0 on 6/12/2024 |
| May 2024 | $9,134 | $0 | $0 on 5/12/2024 |
| Apr 2024 | $9,103 | $0 | $0 on 4/12/2024 |
| Mar 2024 | $9,073 | $0 | $0 on 3/12/2024 |

## Additional info

The original amount of this account was $9,219



## Contact Info

| | |
|---|---|
| Address | PO BOX 82561, LINCOLN NE 68501 |
| Phone Number | (888) 486-4722 |

# DEPT OF EDUCATION/NELNET



## Account Info

| | |
|---|---|
| Account Name | DEPT OF EDUCATION/NELNET |
| Account Number | 900000XXXXXXXXX |
| Account Type | Education |
| Responsibility | Individual |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

| | |
|---|---|
| Date Opened | 06/09/2020 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $15,740 |
| Balance Updated | 02/28/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Original Balance | $13,666 |
| Highest Balance | - |
| Terms | 300 Months |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $15,676 | $0 | $0 on 1/12/2026 |
| Dec 2025 | $15,606 | $0 | $0 on 12/12/2025 |
| Nov 2025 | $15,535 | $0 | $0 on 11/12/2025 |
| Oct 2025 | $15,467 | $0 | $0 on 10/12/2025 |
| Sep 2025 | $15,397 | $0 | $0 on 9/12/2025 |
| Aug 2025 | $15,328 | $0 | $0 on 8/12/2025 |
| Jul 2025 | $15,258 | $0 | $0 on 7/12/2025 |
| Jun 2025 | $15,187 | $0 | $0 on 6/12/2025 |
| May 2025 | $15,119 | $0 | $0 on 5/12/2025 |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Apr 2025 | $15,049 | $0 | $0 on 4/12/2025 |
| Mar 2025 | $14,980 | $0 | $0 on 3/12/2025 |
| Feb 2025 | $14,910 | $0 | $0 on 2/12/2025 |
| Jan 2025 | $14,846 | $0 | $0 on 1/12/2025 |
| Dec 2024 | $14,776 | $0 | $0 on 12/12/2024 |
| Nov 2024 | $14,705 | $0 | $0 on 11/12/2024 |
| Oct 2024 | $14,637 | $0 | $0 on 10/12/2024 |
| Sep 2024 | $14,566 | $0 | $0 on 9/12/2024 |
| Aug 2024 | $14,498 | $0 | $0 on 8/12/2024 |
| Jul 2024 | $14,428 | $0 | $0 on 7/12/2024 |
| Jun 2024 | $14,357 | $0 | $0 on 6/12/2024 |
| May 2024 | $14,289 | $0 | $0 on 5/12/2024 |
| Apr 2024 | $14,218 | $0 | $0 on 4/12/2024 |
| Mar 2024 | $14,150 | $0 | $0 on 3/12/2024 |

**Additional info**

The original amount of this account was $13,666

 **Contact Info**

| | |
|---|---|
| Address | PO BOX 82561, LINCOLN NE 68501 |
| Phone Number | (888) 486-4722 |

# DEPT OF EDUCATION/NELNET

 **Account Info**

| | |
|---|---|
| Account Name | DEPT OF EDUCATION/NELNET |
| Account Number | 900000XXXXXXXXX |
| Account Type | Education |
| Responsibility | Individual |

Annual Credit Report - Experian

| | |
|---|---|
| Date Opened | 02/05/2021 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $7,567 |
| Balance Updated | 02/28/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Original Balance | $6,834 |
| Highest Balance | - |
| Terms | 300 Months |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓   Current / Terms met

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $7,545 | $0 | $0 on 1/12/2026 |
| Dec 2025 | $7,520 | $0 | $0 on 12/12/2025 |
| Nov 2025 | $7,495 | $0 | $0 on 11/12/2025 |
| Oct 2025 | $7,471 | $0 | $0 on 10/12/2025 |
| Sep 2025 | $7,446 | $0 | $0 on 9/12/2025 |
| Aug 2025 | $7,422 | $0 | $0 on 8/12/2025 |
| Jul 2025 | $7,397 | $0 | $0 on 7/12/2025 |
| Jun 2025 | $7,372 | $0 | $0 on 6/12/2025 |
| May 2025 | $7,348 | $0 | $0 on 5/12/2025 |

| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Apr 2025 | $7,323 | $0 | $0 on 4/12/2025 |
| Mar 2025 | $7,299 | $0 | $0 on 3/12/2025 |
| Feb 2025 | $7,274 | $0 | $0 on 2/12/2025 |
| Jan 2025 | $7,251 | $0 | $0 on 1/12/2025 |
| Dec 2024 | $7,226 | $0 | $0 on 12/12/2024 |
| Nov 2024 | $7,201 | $0 | $0 on 11/12/2024 |
| Oct 2024 | $7,177 | $0 | $0 on 10/12/2024 |
| Sep 2024 | $7,152 | $0 | $0 on 9/12/2024 |
| Aug 2024 | $7,128 | $0 | $0 on 8/12/2024 |
| Jul 2024 | $7,103 | $0 | $0 on 7/12/2024 |
| Jun 2024 | $7,078 | $0 | $0 on 6/12/2024 |
| May 2024 | $7,054 | $0 | $0 on 5/12/2024 |
| Apr 2024 | $7,029 | $0 | $0 on 4/12/2024 |
| Mar 2024 | $7,005 | $0 | $0 on 3/12/2024 |

## Additional info

The original amount of this account was $6,834

 **Contact Info**

| | |
| --- | --- |
| Address | PO BOX 82561, LINCOLN NE 68501 |
| Phone Number | (888) 486-4722 |

# DEPT OF EDUCATION/NELNET

 **Account Info**

| | |
| --- | --- |
| Account Name | DEPT OF EDUCATION/NELNET |
| Account Number | 900000XXXXXXXXX |
| Account Type | Education |
| Responsibility | Individual |

| | |
|---|---|
| Date Opened | 06/01/2021 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $15,133 |
| Balance Updated | 02/28/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Original Balance | $13,666 |
| Highest Balance | - |
| Terms | 300 Months |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met

## 📑 Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $15,088 | $0 | $0 on 1/12/2026 |
| Dec 2025 | $15,038 | $0 | $0 on 12/12/2025 |
| Nov 2025 | $14,988 | $0 | $0 on 11/12/2025 |
| Oct 2025 | $14,940 | $0 | $0 on 10/12/2025 |
| Sep 2025 | $14,890 | $0 | $0 on 9/12/2025 |
| Aug 2025 | $14,842 | $0 | $0 on 8/12/2025 |
| Jul 2025 | $14,792 | $0 | $0 on 7/12/2025 |
| Jun 2025 | $14,742 | $0 | $0 on 6/12/2025 |
| May 2025 | $14,694 | $0 | $0 on 5/12/2025 |

Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Apr 2025 | $14,644 | $0 | $0 on 4/12/2025 |
| Mar 2025 | $14,595 | $0 | $0 on 3/12/2025 |
| Feb 2025 | $14,546 | $0 | $0 on 2/12/2025 |
| Jan 2025 | $14,500 | $0 | $0 on 1/12/2025 |
| Dec 2024 | $14,451 | $0 | $0 on 12/12/2024 |
| Nov 2024 | $14,401 | $0 | $0 on 11/12/2024 |
| Oct 2024 | $14,352 | $0 | $0 on 10/12/2024 |
| Sep 2024 | $14,303 | $0 | $0 on 9/12/2024 |
| Aug 2024 | $14,254 | $0 | $0 on 8/12/2024 |
| Jul 2024 | $14,204 | $0 | $0 on 7/12/2024 |
| Jun 2024 | $14,155 | $0 | $0 on 6/12/2024 |
| May 2024 | $14,106 | $0 | $0 on 5/12/2024 |
| Apr 2024 | $14,056 | $0 | $0 on 4/12/2024 |
| Mar 2024 | $14,008 | $0 | $0 on 3/12/2024 |

### Additional info

The original amount of this account was $13,666



## Contact Info

| Address | PO BOX 82561, LINCOLN NE 68501 |
|---------|-------------------------------|
| Phone Number | (888) 486-4722 |

## DISCOVER CARD



## Account Info

| Account Name | DISCOVER CARD |
|--------------|---------------|
| Account Number | 601101XXXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |

Annual Credit Report - Experian

| | |
|---|---|
| Date Opened | 11/03/2017 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $6,715 |
| Balance Updated | 02/25/2026 |
| Recent Payment | - |
| Monthly Payment | $150 |
| Credit Limit | $25,100 |
| Highest Balance | $7,237 |
| Terms | - |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $6,734 | $149 | $0 on 1/2/2026 |
| Dec 2025 | $6,750 | $144 | $0 on 12/22/2025 |
| Nov 2025 | $6,354 | $144 | $0 on 11/23/2025 |
| Oct 2025 | $6,372 | $141 | $0 on 10/15/2025 |
| Sep 2025 | $6,398 | $147 | $0 on 9/22/2025 |
| Aug 2025 | $6,262 | $141 | $0 on 7/29/2025 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Jul 2025 | $5,824 | $133 | $0 on 7/22/2025 |
| Jun 2025 | $5,848 | $136 | $0 on 6/15/2025 |
| May 2025 | $5,866 | $134 | $0 on 5/20/2025 |
| Apr 2025 | $5,893 | $137 | $0 on 4/20/2025 |
| Mar 2025 | $5,007 | $108 | $0 on 3/2/2025 |
| Feb 2025 | $4,928 | $149 | $0 on 2/14/2025 |
| Jan 2025 | $7,237 | $163 | $0 on 1/14/2025 |
| Dec 2024 | $6,251 | $126 | $0 on 12/12/2024 |
| Nov 2024 | $1,620 | $35 | $0 on 11/12/2024 |
| Oct 2024 | $5,663 | $35 | $0 on 10/1/2024 |
| Sep 2024 | $208 | $35 | $0 on 8/19/2024 |
| Aug 2024 | $41 | $35 | $0 on 8/11/2024 |
| Jul 2024 | $1,117 | $35 | $0 on 7/8/2024 |
| Jun 2024 | $216 | $35 | $0 on 5/27/2024 |
| May 2024 | $0 | $0 | $0 on 5/3/2024 |
| Apr 2024 | $49 | $35 | $0 on 3/22/2024 |

**Additional info**

Between Apr 2024 and Jan 2026, your credit limit/high balance was $25,100



**Contact Info**

Address                PO BOX 30939,
                       SALT LAKE CITY UT 84130

Phone Number           (800) 347-2683



**Comment**

**Current:**

Account previously in dispute - investigation complete, reported
by data furnisher

**Previous:**

None

---

### Reinvestigation Info

This item was updated from our processing of your dispute in Apr 2019.

---

# DISCOVERPL

### Account Info

| | |
|---|---|
| Account Name | DISCOVERPL |
| Account Number | 500014XXXXXX |
| Account Type | Unsecured |
| Responsibility | Individual |
| Date Opened | 06/19/2022 |
| Status | Paid, Closed/Never late. |
| Status Updated | June 2023 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $13,000 |
| Highest Balance | - |
| Terms | 36 Months |
| On Record Until | Jun 2033 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | – | – | – | – | – | – |
| 2022 | – | – | – | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met     CLS  Closed

This account is scheduled to continue on record until Jun 2033.

### Contact Info

| Address | PO BOX 30954, |
| --- | --- |
| | SALT LAKE CITY UT 84130 |
| Phone Number | (877) 256-2632 |

# NAVY FEDERAL CR UNION

## Account Info

| | |
| --- | --- |
| Account Name | NAVY FEDERAL CR UNION |
| Account Number | 379550XXXXXXXXX |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 09/26/2022 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $0 |
| Balance Updated | 02/26/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Credit Limit | $500 |
| Highest Balance | $149 |
| Terms | - |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | — | — | — | — | — | — | — | — | — | ✓ | ✓ | ✓ |

✓ Current / Terms met

## Balance Histories



| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Jan 2026 | $0 | $0 | $0 on 2/15/2023 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2025 | $0 | $0 | $0 on 2/15/2023 |
| Nov 2025 | $0 | $0 | $0 on 2/15/2023 |
| Oct 2025 | $0 | $0 | $0 on 2/15/2023 |
| Sep 2025 | $0 | $0 | $0 on 2/15/2023 |
| Aug 2025 | $0 | $0 | $0 on 2/15/2023 |
| Jul 2025 | $0 | $0 | $0 on 2/15/2023 |
| Jun 2025 | $0 | $0 | $0 on 2/15/2023 |
| May 2025 | $0 | $0 | $0 on 2/15/2023 |
| Apr 2025 | $0 | $0 | $0 on 2/15/2023 |
| Mar 2025 | $0 | $0 | $0 on 2/15/2023 |
| Feb 2025 | $0 | $0 | $0 on 2/15/2023 |
| Jan 2025 | $0 | $0 | $0 on 2/15/2023 |
| Dec 2024 | $0 | $0 | $0 on 2/15/2023 |
| Nov 2024 | $0 | $0 | $0 on 2/15/2023 |
| Oct 2024 | $0 | $0 | $0 on 2/15/2023 |
| Sep 2024 | $0 | $0 | $0 on 2/15/2023 |
| Aug 2024 | $0 | $0 | $0 on 2/15/2023 |
| Jul 2024 | $0 | $0 | $0 on 2/15/2023 |
| Jun 2024 | $0 | $0 | $0 on 2/15/2023 |
| May 2024 | $0 | $0 | $0 on 2/15/2023 |
| Apr 2024 | $0 | $0 | $0 on 2/15/2023 |
| Mar 2024 | $0 | $0 | $0 on 2/15/2023 |

## Additional info

Between Mar 2024 and Jan 2026, your credit limit/high balance was $500

## Contact Info



| | |
|---|---|
| Address | PO BOX 3700, MERRIFIELD VA 22119 |
| Phone Number | (888) 842-6328 |

# SOFI BANK

## Account Info

| | |
|---|---|
| Account Name | SOFI BANK |
| Account Number | PL135XXXX |
| Account Type | Unsecured |
| Responsibility | Individual |
| Date Opened | 06/06/2023 |
| Status | Open/Never late. |
| Status Updated | Jan 2026 |
| Balance | $8,572 |
| Balance Updated | 01/31/2026 |
| Recent Payment | $794 as of 1/7/2026 |
| Monthly Payment | $794 |
| Original Balance | $33,000 |
| Highest Balance | - |
| Terms | 60 Months |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | — | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met

## Balance Histories



| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Dec 2025 | $9,245 | $794 | $794 on 12/7/2025 |

Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| **Nov 2025** | **$9,913** | **$794** | **$794 on 11/7/2025** |
| **Oct 2025** | **$10,568** | **$794** | **$794 on 10/7/2025** |
| **Sep 2025** | **$11,219** | **$794** | **$794 on 9/7/2025** |
| **Aug 2025** | **$11,857** | **$794** | **$794 on 8/7/2025** |
| **Jul 2025** | **$12,487** | **$794** | **$794 on 7/7/2025** |
| **Jun 2025** | **$13,114** | **$794** | **$794 on 11/7/2024** |
| **May 2025** | **$13,727** | **$794** | **$794 on 11/7/2024** |
| **Apr 2025** | **$14,339** | **$794** | **$794 on 11/7/2024** |
| **Mar 2025** | **$14,936** | **$794** | **$794 on 11/7/2024** |
| **Feb 2025** | **$15,546** | **$794** | **$794 on 11/7/2024** |
| **Jan 2025** | **$16,128** | **$794** | **$794 on 11/7/2024** |
| **Dec 2024** | **$16,702** | **$794** | **$794 on 11/7/2024** |
| **Nov 2024** | **$17,277** | **$794** | **$794 on 11/7/2024** |
| **Oct 2024** | **$17,837** | **$794** | **$794 on 8/7/2024** |
| **Sep 2024** | **$18,398** | **$794** | **$794 on 8/7/2024** |
| **Aug 2024** | **$18,943** | **$794** | **$794 on 8/7/2024** |
| **Jul 2024** | **$19,482** | **$794** | **$794 on 7/7/2024** |
| **Jun 2024** | **$20,021** | **$794** | **$794 on 6/7/2024** |
| **May 2024** | **$20,546** | **$794** | **$794 on 5/7/2024** |
| **Apr 2024** | **$21,072** | **$794** | **$794 on 4/7/2024** |
| **Mar 2024** | **$21,728** | **$794** | **$8,794 on 3/23/2024** |

## Additional info

The original amount of this account was $33,000

 **Contact Info**

Address

PO BOX 654081,
DALLAS TX 75265

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

# SYNCB/ASHLEY HOMESTORES

 **Account Info**

| | |
|---|---|
| Account Name | SYNCB/ASHLEY HOMESTORES |
| Account Number | 601919XXXXXXXXXX |
| Account Type | Charge Card |
| Responsibility | Individual |
| Date Opened | 05/28/2024 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $0 |
| Balance Updated | 02/20/2026 |
| Recent Payment | - |
| Monthly Payment | $0 |
| Credit Limit | $7,200 |
| Highest Balance | $2,228 |
| Terms | - |

$ **Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓   Current / Terms met

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $0 | $0 | $0 on 5/15/2025 |
| Dec 2025 | $0 | $0 | $0 on 5/15/2025 |
| Nov 2025 | $0 | $0 | $0 on 5/15/2025 |
| Oct 2025 | $0 | $0 | $0 on 5/15/2025 |

| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Sep 2025 | $0 | $0 | $0 on 5/15/2025 |
| Aug 2025 | $0 | $0 | $0 on 5/15/2025 |
| Jul 2025 | $0 | $0 | $0 on 5/15/2025 |
| Jun 2025 | $0 | $0 | $0 on 5/15/2025 |
| May 2025 | $0 | $0 | $229 on 5/15/2025 |
| Apr 2025 | $229 | $30 | $200 on 4/15/2025 |
| Mar 2025 | $429 | $30 | $369 on 3/14/2025 |
| Feb 2025 | $798 | $30 | $600 on 2/16/2025 |
| Jan 2025 | $1,398 | $49 | $600 on 1/15/2025 |
| Dec 2024 | $1,508 | $53 | $200 on 12/15/2024 |
| Nov 2024 | $1,228 | $43 | $200 on 11/15/2024 |
| Oct 2024 | $1,428 | $50 | $200 on 10/13/2024 |
| Sep 2024 | $1,628 | $57 | $200 on 9/15/2024 |
| Aug 2024 | $1,828 | $64 | $200 on 8/15/2024 |
| Jul 2024 | $2,028 | $71 | $200 on 7/14/2024 |
| Jun 2024 | $2,228 | $78 | $0 |
| May 2024 | $0 | $0 | $0 |

## Additional info

Between May 2024 and Jan 2026, your credit limit/high balance was $7,200

 **Contact Info**

| | |
| --- | --- |
| Address | PO BOX 71757, PHILADELPHIA PA 19176 |
| Phone Number | (866) 396-8254 |

## SYNCB/ASHLEY HOMESTORES



## Account Info

| | |
|---|---|
| Account Name | SYNCB/ASHLEY HOMESTORES |
| Account Number | 601919XXXXXXXXXX |
| Account Type | Charge Card |
| Responsibility | Individual |
| Date Opened | 10/25/2019 |
| Status | Paid, Closed/Never late. |
| Status Updated | Nov 2023 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $6,000 |
| Highest Balance | $2,271 |
| Terms | - |
| On Record Until | Nov 2033 |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | — | — | — | — | — | — | — | — | ✓ | ✓ |

✓ Current / Terms met    CLS  Closed

This account is scheduled to continue on record until Nov 2033.



## Contact Info

| | |
|---|---|
| Address | PO BOX 71757, PHILADELPHIA PA 19176 |
| Phone Number | (866) 396-8254 |



## Comment

**Current:**

Closed due to inactivity

**Previous:**

None

# SYNCB/CARE CREDIT

 ## Account Info

| | |
|---|---|
| Account Name | SYNCB/CARE CREDIT |
| Account Number | 601918XXXXXXXXXX |
| Account Type | Charge Card |
| Responsibility | Individual |
| Date Opened | 03/12/2024 |
| Status | Open/Never late. |
| Status Updated | Feb 2026 |
| Balance | $1,064 |
| Balance Updated | 02/06/2026 |
| Recent Payment | $140 as of 2/2/2026 |
| Monthly Payment | $35 |
| Credit Limit | $9,000 |
| Highest Balance | $3,000 |
| Terms | - |

$ ## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | — | — | — | — | — | — | — | — | — | — |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met

 ## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $1,204 | $40 | $140 on 1/2/2026 |

3/6/26, 11:20 AM                                    Annual Credit Report - Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2025 | $1,344 | $44 | $140 on 12/2/2025 |
| Nov 2025 | $1,484 | $49 | $100 on 11/2/2025 |
| Oct 2025 | $1,350 | $44 | $100 on 10/2/2025 |
| Sep 2025 | $1,450 | $48 | $100 on 9/2/2025 |
| Aug 2025 | $1,550 | $51 | $100 on 8/1/2025 |
| Jul 2025 | $1,650 | $54 | $100 on 7/2/2025 |
| Jun 2025 | $1,750 | $57 | $100 on 6/2/2025 |
| May 2025 | $1,850 | $61 | $100 on 5/2/2025 |
| Apr 2025 | $1,950 | $64 | $100 on 4/2/2025 |
| Mar 2025 | $2,050 | $67 | $100 on 3/2/2025 |
| Feb 2025 | $2,150 | $70 | $100 on 2/2/2025 |
| Jan 2025 | $1,900 | $62 | $100 on 1/2/2025 |
| Dec 2024 | $2,000 | $65 | $0 on 12/2/2024 |
| Nov 2024 | $2,100 | $69 | $200 on 11/3/2024 |
| Oct 2024 | $2,300 | $75 | $100 on 10/2/2024 |
| Sep 2024 | $2,400 | $78 | $100 on 9/2/2024 |
| Aug 2024 | $2,500 | $82 | $200 on 8/2/2024 |
| Jul 2024 | $2,700 | $88 | $104 on 7/2/2024 |
| Jun 2024 | $2,804 | $92 | $98 on 6/2/2024 |
| May 2024 | $2,902 | $95 | $98 on 5/2/2024 |
| Apr 2024 | $3,000 | $98 | $0 |
| Mar 2024 | $3,000 | $0 | $0 |

## Additional info

Between Jun 2024 and Jan 2026, your credit limit/high balance was $9,000

Between Mar 2024 and May 2024, your credit limit/high balance was $3,000

## Contact Info

| | |
|---|---|
| Address | PO BOX 71757, PHILADELPHIA PA 19176 |
| Phone Number | (866) 396-8254 |

## SYNCB/ROOMS TO GO

### Account Info

| | |
|---|---|
| Account Name | SYNCB/ROOMS TO GO |
| Account Number | 601919XXXXXXXXXX |
| Account Type | Charge Card |
| Responsibility | Individual |
| Date Opened | 02/09/2017 |
| Status | Paid, Closed/Never late. |
| Status Updated | Feb 2023 |
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $5,500 |
| Highest Balance | $2,391 |
| Terms | - |
| On Record Until | Feb 2033 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|-----|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | CLS | — | — | — | — | — | — | — | — | — | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met    CLS  Closed

This account is scheduled to continue on record until Feb 2033.



## Contact Info

Address                 PO BOX 71727,
                        PHILADELPHIA PA 19176

Phone Number            (866) 396-8254



## Comment

**Current:**

Closed due to inactivity

**Previous:**

None

# TD AUTO FINANCE
## POTENTIALLY NEGATIVE



## Account Info

| | |
|---|---|
| Account Name | TD AUTO FINANCE |
| Account Number | 110471XXXX |
| Account Type | Auto Loan |
| Responsibility | Joint |
| Date Opened | 12/13/2023 |
| Status | Account charged off. $35,696 written off. $39,180 past due as of Feb 2026. |
| Status Updated | Mar 2025 |
| Balance | $39,180 |
| Balance Updated | 02/27/2026 |
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $75,401 |
| Highest Balance | - |
| Terms | 63 Months |
| On Record Until | May 2031 |

## $ Payment History

Annual Credit Report - Experian

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | — | — | — | — | --- | — | — | — | — | — |
| 2025 | R | R | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | ✓ | 30 | 60 | R | R |
| 2023 | — | — | — | — | — | — | --- | — | — | — | — | ✓ |

| ✓ | Current / Terms met | 30 | Past due 30 days |
|---|---|---|---|
| 60 | Past due 60 days | R | Repossession |
| CO | Charge off | | |

## Payment history guide

Charge Off as of Feb 2026 to Mar 2025

Repossession as of Feb 2025 to Nov 2024

60 days past due as of Oct 2024,Jul 2024

30 days past due as of Sep 2024,Jun 2024

This account is scheduled to continue on record until May 2031.

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jan 2026 | $38,891 | $0 | $0 on 11/27/2024 |
| Dec 2025 | $38,572 | $0 | $0 on 11/27/2024 |
| Nov 2025 | $38,252 | $0 | $0 on 11/27/2024 |
| Oct 2025 | $37,943 | $0 | $0 on 11/27/2024 |
| Sep 2025 | $37,623 | $0 | $0 on 11/27/2024 |
| Aug 2025 | $37,314 | $0 | $0 on 11/27/2024 |
| Jul 2025 | $36,995 | $0 | $0 on 11/27/2024 |
| Jun 2025 | $36,675 | $0 | $0 on 11/27/2024 |
| May 2025 | $36,366 | $0 | $0 on 11/27/2024 |
| Apr 2025 | $36,046 | $0 | $0 on 11/27/2024 |
| Mar 2025 | $35,737 | $0 | $4,331 on 11/27/2024 |
| Feb 2025 | $72,690 | $0 | $0 on 8/9/2024 |
| Jan 2025 | $72,690 | $0 | $0 on 8/9/2024 |

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Dec 2024 | $72,690 | $0 | $0 on 8/9/2024 |
| Nov 2024 | $72,690 | $0 | $0 on 8/9/2024 |
| Oct 2024 | $71,362 | $1,581 | $0 on 8/9/2024 |
| Sep 2024 | $70,634 | $1,581 | $0 on 8/9/2024 |
| Aug 2024 | $69,928 | $1,581 | $4,600 on 8/9/2024 |
| Jul 2024 | $73,082 | $1,581 | $0 on 5/14/2024 |
| Jun 2024 | $72,338 | $1,581 | $7,741 on 5/14/2024 |
| May 2024 | $71,615 | $1,581 | $7,741 on 5/14/2024 |
| May 2024 | $73,629 | $1,581 | $0 on 3/25/2024 |
| Mar 2024 | $72,717 | $1,581 | $5,241 on 3/25/2024 |

## Additional info

The original amount of this account was $75,401



## Contact Info

| Address | PO BOX 71466, PHILADELPHIA PA 19176 |
|---|---|
| Phone Number | (800) 556-8172 |



## Your Statement

ITEM IN DISPUTE BY CONSUMER



## Reinvestigation Info

This item was updated from our processing of your dispute in Aug 2025.

# Public Records

Information gathered from courts or other government agencies about legal matters associated with you. The most common Public Records are bankruptcies, tax liens, and monetary judgments.

**No public records reported.**

## Hard Inquiries

Hard inquiries are requests for your consumer information based on an action or process initiated by you generally related to a credit or other monetary obligation, such as when you apply for credit, rental property, or utility service, or default on a loan causing it to be sent to a collection agency. Hard inquiries are displayed to companies that receive your consumer report and may stay on your report at least two years.

**WFBNA CARD**
Inquired on 07/30/2025

PO BOX 14579 DES MOINES IA, 50306

Unspecified. This inquiry is scheduled to continue on record until Aug 2027.

**WFBNA CARD**
Inquired on 04/08/2024

Unspecified. This inquiry is scheduled to continue on record until May 2026.

## Soft Inquiries

Soft inquiries are generally initiated by others, like companies making promotional offers or lenders periodically reviewing your existing credit accounts. Soft inquiries also include checking your own credit report or using credit monitoring services, and have no impact on your credit score.

**AFTERPAY US INC**
Inquired on
06/26/2025

760 MARKET ST,
SAN FRANCISCO CA 94102
(855) 289-6014

**ALERT I PH/EXPERIAN**
Inquired on
10/24/2025

701 EXPERIAN PKWY,
ALLEN TX 75013
(888) 397-3742

On behalf of
3474518008

**AMERICAN EXPRESS 2**
Inquired on
02/27/2026

PO BOX 981537,
EL PASO TX 79998
(800) 874-2717

**BEST EGG**
Inquired on
03/24/2025

1523 CONCORD PIKE STE 201,
WILMINGTON DE 19803
(302) 358-2730

**BILT TECHNOLOGIES INC**
Inquired on
07/30/2025

31 BOND ST APT 6,
NEW YORK NY 10012
(844) 822-2456

**CAPITAL ONE**
Inquired on
03/02/2026

15000 CAPITAL ONE DR,
RICHMOND VA 23238

**CAP ONE NA**
Inquired on
08/07/2025 ,
08/05/2025 ,
08/03/2025 ,
08/01/2025 ,
07/29/2025 ,
07/28/2025 ,
07/26/2025 ,
07/18/2025 ,
07/13/2025 ,
07/10/2025 ,
07/09/2025 ,
07/08/2025 ,
07/07/2025 ,
07/05/2025 ,
07/04/2025 ,
07/01/2025 ,
06/28/2025 ,
06/21/2025 ,
06/15/2025 ,
06/13/2025 ,
06/10/2025 ,
06/08/2025 ,
06/05/2025 ,
06/04/2025 ,
05/31/2025 ,
05/30/2025 ,
05/19/2025 ,
05/11/2025 ,
05/10/2025 ,

**CAPITAL ONE FINANCIAL**
Inquired on
07/16/2025
 and
04/15/2025

PO BOX 26625,
RICHMOND VA 23261
(804) 965-8671

05/08/2025 ,
05/07/2025 ,
05/04/2025 ,
05/02/2025 ,
04/30/2025 ,
04/29/2025 ,
04/27/2025 ,
04/25/2025 ,
04/24/2025 ,
04/23/2025
and
04/18/2025

PO BOX 26625,
RICHMOND VA
23261
(804) 965-8671

| **CONSUMERINFO.COM** | **CREDIT KARMA** | **CREDIT KARMA** | **CREDIT KARMA INC** |
|---|---|---|---|
| Inquired on 03/06/2026 , 09/26/2025 , 09/19/2025 and 03/24/2025 | Inquired on 03/06/2026 , 03/04/2026 , 03/02/2026 , 03/01/2026 , 02/27/2026 , 02/26/2026 , 02/25/2026 , 02/24/2026 , 02/23/2026 , 02/20/2026 , 02/19/2026 , 02/18/2026 , 02/13/2026 , 02/12/2026 , 02/10/2026 , 02/09/2026 , 02/07/2026 , 02/06/2026 , 02/05/2026 , 02/04/2026 , 02/03/2026 , 02/02/2026 , 02/01/2026 , 01/30/2026 , 01/29/2026 , 01/28/2026 , | Inquired on 03/04/2026 , 03/01/2026 , 02/25/2026 , 02/21/2026 , 02/20/2026 , 02/14/2026 , 02/11/2026 , 02/07/2026 , 02/04/2026 , 02/02/2026 , 01/28/2026 , 01/21/2026 , 01/17/2026 , 01/14/2026 , 01/10/2026 , 01/07/2026 , 01/03/2026 , 12/31/2025 , 12/28/2025 , 12/24/2025 , 12/20/2025 , 12/17/2025 , 12/13/2025 , 12/10/2025 , 12/06/2025 , 12/03/2025 , | Inquired on 07/30/2025 and 06/04/2025 |
| 475 ANTON BLVD, COSTA MESA CA 92626 | | | 760 MARKET ST FL 2, SAN FRANCISCO CA 94102 |

| | |
|---|---|
| 01/27/2026, | 11/30/2025, |
| 01/22/2026, | 11/26/2025, |
| 01/17/2026, | 11/22/2025, |
| 01/13/2026, | 11/19/2025, |
| 01/12/2026, | 11/15/2025, |
| 01/10/2026, | 11/12/2025, |
| 01/09/2026, | 11/08/2025, |
| 01/07/2026, | 11/05/2025, |
| 01/06/2026, | 11/01/2025, |
| 01/04/2026, | 10/29/2025, |
| 01/01/2026, | 10/27/2025, |
| 12/31/2025, | 07/30/2025, |
| 12/30/2025, | 07/27/2025, |
| 12/29/2025, | 07/23/2025, |
| 12/27/2025, | 07/19/2025, |
| 12/24/2025, | 07/16/2025, |
| 12/23/2025, | 07/12/2025, |
| 12/17/2025, | 07/09/2025, |
| 12/12/2025, | 07/05/2025, |
| 12/11/2025, | 07/02/2025, |
| 12/07/2025, | 06/29/2025, |
| 12/06/2025, | 06/25/2025, |
| 12/04/2025, | 06/21/2025, |
| 12/03/2025, | 06/18/2025, |
| 12/02/2025, | 06/14/2025, |
| 12/01/2025, | 06/11/2025, |
| 11/30/2025, | 06/07/2025, |
| 11/29/2025, | 06/04/2025, |
| 11/27/2025, | 06/01/2025, |
| 11/26/2025, | 05/28/2025, |
| 11/25/2025, | 05/24/2025, |
| 11/21/2025, | 05/21/2025, |
| 11/20/2025, | 05/17/2025, |
| 11/19/2025, | 05/10/2025, |
| 11/18/2025, | 05/07/2025, |
| 11/15/2025, | 05/03/2025, |
| 11/14/2025, | 04/30/2025, |
| 11/12/2025, | 04/27/2025, |
| 11/09/2025, | 04/23/2025, |
| 11/08/2025, | 04/19/2025, |
| 11/07/2025, | 04/16/2025, |
| 11/06/2025, | 04/12/2025, |
| 11/05/2025, | 04/09/2025, |
| 11/01/2025, | 04/05/2025, |
| 10/31/2025, | 04/02/2025, |
| 10/30/2025, | 03/30/2025, |

10/29/2025,
10/28/2025,
10/27/2025,
10/25/2025,
10/24/2025,
10/23/2025,
10/22/2025,
10/21/2025,
10/12/2025,
10/10/2025,
10/09/2025,
10/08/2025,
10/06/2025,
10/05/2025,
10/04/2025,
10/02/2025,
10/01/2025,
09/30/2025,
09/29/2025,
09/27/2025,
09/20/2025,
09/16/2025,
09/12/2025,
09/11/2025,
09/10/2025,
09/09/2025,
09/07/2025,
09/06/2025,
09/05/2025,
09/04/2025,
09/03/2025,
09/01/2025,
08/30/2025,
08/29/2025,
08/28/2025,
08/27/2025,
08/26/2025,
08/24/2025,
08/23/2025,
08/21/2025,
08/20/2025,
08/17/2025,
08/16/2025,
08/15/2025,
08/14/2025,
08/12/2025,

03/26/2025,
03/22/2025,
03/19/2025,
03/15/2025,
03/12/2025
and
03/08/2025

760 MARKET
ST FL 2,
SAN
FRANCISCO CA
94102

08/09/2025 ,
08/08/2025 ,
08/07/2025 ,
08/06/2025 ,
08/05/2025 ,
08/03/2025 ,
08/01/2025 ,
07/31/2025 ,
07/30/2025 ,
07/27/2025 ,
07/22/2025 ,
07/19/2025 ,
07/18/2025 ,
07/17/2025 ,
07/16/2025 ,
07/13/2025 ,
07/12/2025 ,
07/10/2025 ,
07/09/2025 ,
07/08/2025 ,
07/07/2025 ,
07/06/2025 ,
07/05/2025 ,
07/04/2025 ,
07/02/2025 ,
07/01/2025 ,
06/29/2025 ,
06/27/2025 ,
06/23/2025 ,
06/22/2025 ,
06/21/2025 ,
06/19/2025 ,
06/18/2025 ,
06/17/2025 ,
06/16/2025 ,
06/12/2025 ,
06/08/2025 ,
06/06/2025 ,
06/05/2025 ,
06/01/2025 ,
05/31/2025 ,
05/30/2025 ,
05/29/2025 ,
05/28/2025 ,
05/27/2025 ,
05/21/2025 ,

05/17/2025 ,
05/15/2025 ,
05/14/2025 ,
05/12/2025 ,
05/10/2025 ,
05/09/2025 ,
05/08/2025 ,
05/04/2025 ,
05/03/2025 ,
05/02/2025 ,
05/01/2025 ,
04/30/2025 ,
04/29/2025 ,
04/27/2025 ,
04/24/2025 ,
04/22/2025 ,
04/20/2025 ,
04/19/2025 ,
04/12/2025 ,
04/10/2025 ,
04/09/2025 ,
04/08/2025 ,
04/07/2025 ,
04/06/2025 ,
04/05/2025 ,
04/04/2025 ,
04/03/2025 ,
04/02/2025 ,
04/01/2025 ,
03/31/2025 ,
03/30/2025 ,
03/29/2025 ,
03/28/2025 ,
03/27/2025 ,
03/26/2025 ,
03/25/2025 ,
03/23/2025 ,
03/22/2025 ,
03/21/2025 ,
03/20/2025 ,
03/15/2025 ,
03/14/2025 ,
03/13/2025 ,
03/12/2025 ,
03/09/2025 ,
03/08/2025 ,

03/07/2025
and
03/06/2025

760 MARKET
ST FL 2,
SAN
FRANCISCO CA
94103

(415) 510-5272

**DISCOVER**
Inquired on
02/06/2026

2500 LAKE
COOK RD,
RIVERWOODS
IL 60015
(877) 728-3030

**EXPERIAN**
Inquired on
03/06/2026 ,
09/26/2025 ,
09/19/2025
and
03/24/2025

475 ANTON
BLVD,
COSTA MESA
CA 92626

**EXPERIAN**
Inquired on
03/03/2026 ,
02/25/2026 ,
02/24/2026 ,
02/22/2026 ,
02/18/2026 ,
02/17/2026 ,
02/16/2026 ,
02/10/2026 ,
02/03/2026 ,
01/27/2026 ,
01/20/2026 ,
01/13/2026 ,
01/06/2026 ,
12/30/2025 ,
12/23/2025 ,
12/16/2025 ,
12/09/2025 ,
12/02/2025 ,
11/25/2025 ,
11/18/2025 ,
11/11/2025 ,
11/04/2025 ,
10/28/2025 ,
10/24/2025 ,
10/21/2025 ,
10/14/2025 ,
10/07/2025 ,
09/30/2025 ,
09/28/2025 ,
09/23/2025 ,
09/16/2025 ,
09/15/2025 ,
09/09/2025 ,
09/03/2025 ,
09/02/2025 ,
08/26/2025 ,

**EXPERIAN**
Inquired on
03/02/2026 ,
02/24/2026 ,
12/17/2025 ,
10/24/2025 ,
07/30/2025 ,
07/11/2025 ,
07/06/2025 ,
06/21/2025 ,
06/06/2025 ,
05/28/2025 ,
04/03/2025 ,
03/21/2025
and
03/07/2025

475 ANTON
BLVD,
COSTA MESA
CA 92626

08/23/2025 ,
08/19/2025 ,
08/12/2025 ,
08/06/2025 ,
08/05/2025 ,
07/30/2025 ,
07/29/2025 ,
07/22/2025 ,
07/18/2025 ,
07/15/2025 ,
07/12/2025 ,
07/08/2025 ,
07/04/2025 ,
07/01/2025 ,
06/24/2025 ,
06/22/2025 ,
06/17/2025 ,
06/15/2025 ,
06/10/2025 ,
06/07/2025 ,
06/04/2025 ,
06/03/2025 ,
05/29/2025 ,
05/27/2025 ,
05/20/2025 ,
05/13/2025 ,
05/06/2025 ,
04/29/2025 ,
04/22/2025 ,
04/15/2025 ,
04/08/2025 ,
04/06/2025 ,
04/04/2025 ,
04/01/2025 ,
03/25/2025 ,
03/24/2025 ,
03/22/2025 ,
03/21/2025 ,
03/18/2025 ,
03/11/2025
and
03/07/2025

475 ANTON
BLVD,
COSTA MESA
CA 92626

Annual Credit Report - Experian

(866) 431-3471

**EXPERIAN**
Inquired on
09/26/2025 ,
09/19/2025
and
03/24/2025

PO BOX 9600,
ALLEN TX
75013
(800) 311-4769

**EXPERIAN**
Inquired on
08/23/2025 ,
07/29/2025
and
07/04/2025

PO BOX 9600,
ALLEN TX
75013
(800) 311-4769

CAPS API
DISCLOSURE

**EXPERIAN CREDITMATCH**
Inquired on
03/03/2026 ,
02/25/2026 ,
02/22/2026 ,
02/18/2026 ,
02/16/2026 ,
11/18/2025 ,
11/04/2025 ,
10/24/2025 ,
10/07/2025 ,
09/28/2025 ,
09/15/2025 ,
09/09/2025 ,
09/03/2025 ,
08/23/2025 ,
08/06/2025 ,
07/30/2025 ,
07/29/2025 ,
07/18/2025 ,
07/12/2025 ,
07/08/2025 ,
07/04/2025 ,
06/22/2025 ,
06/15/2025 ,
06/07/2025 ,
06/04/2025 ,
05/29/2025 ,
04/06/2025 ,
04/04/2025 ,
04/01/2025 ,
03/24/2025 ,
03/22/2025 ,
03/21/2025 ,
03/11/2025
and
03/07/2025

475 ANTON
BLVD # D4,
COSTA MESA
CA 92626

**EXPERIAN CS IDENTITY**
Inquired on
02/22/2026 ,
02/19/2026 ,
02/11/2026 ,
01/11/2026 ,
01/03/2026 ,
12/11/2025 ,
11/11/2025 ,
10/26/2025 ,
10/21/2025 ,
10/11/2025 ,
10/07/2025 ,
09/28/2025 ,
09/11/2025 ,
08/11/2025 ,
07/29/2025 ,
07/11/2025 ,
06/11/2025 ,
06/04/2025 ,
05/29/2025 ,
05/11/2025 ,
04/11/2025 ,
04/08/2025 ,
03/31/2025 ,
03/30/2025 ,
03/20/2025
and
03/11/2025

535 ANTON
BLVD STE 100,
COSTA MESA
CA 92626

**EXPERIANHLTH**
Inquired on
03/13/2025

720 COOL
SPRINGS BLVD
STE 200,
FRANKLIN TN
37067
(763) 416-1030

On behalf of
SRCHAMER/NYU
FACULTY GRO for
Legitimate
Business Need

**EXPERIANHLTH/NYU FACULTY**
Inquired on
02/25/2026
and
06/22/2025

550 1ST AVE,
NEW YORK NY
10016

COLLECTION

**FIC/PENTAGON FCU**
Inquired on
03/24/2025

7940 JONES
BRANCH DR,
MC LEAN VA
22102

**KEYBANK NATIONAL ASSOCIA**
Inquired on
03/24/2025

3 CORPORATE
DR FL 4,
SHELTON CT
06484

**KLARNA INC/WEBBANK**
Inquired on
12/02/2025
and
11/24/2025

629 N HIGH ST,
COLUMBUS OH
43215

**KLARNA/WEBBANK**
Inquired on
02/03/2026

629 N HIGH ST
FL 300,
COLUMBUS OH
43215
(844) 552-7621

**LENDINGPOINT LLC**
Inquired on
03/24/2025

1201 ROBERTS
BLVD NW STE
200,
KENNESAW GA
30144
(844) 885-8713

**MARLETTE SERVICING LLC**
Inquired on
07/07/2025

3419
SILVERSIDE RD,
WILMINGTON
DE 19810

**ONEMAIN**
Inquired on
03/24/2025

PO BOX 1010,
EVANSVILLE IN
47706
(844) 298-9773

**PENTAGON FEDERAL CREDIT**
Inquired on
03/24/2025

PO BOX
247027,
OMAHA NE
68124

**PROGRESSIVE INSURANCE**
Inquired on
09/02/2025
and
06/04/2025

PO BOX 6807,
CLEVELAND OH
44101
(800) 776-4737

Insurance
underwriting

**SOFI BANK NA**
Inquired on
03/02/2026

2750 E
COTTONWOOD
PKWY,
COTTONWOOD
HEIGHTS UT
84121
(855) 456-7634

**SOFI BANK NA**
Inquired on
02/01/2026

**SOFI BANK NA**
Inquired on
02/01/2026

**SOFI BANK NA**
Inquired on
01/05/2026

**TD AUTO FINANCE**

234 1ST ST, SAN FRANCISCO CA 94105
(415) 385-0419

Checking

2750 E COTTONWOOD PKWY, COTTONWOOD HEIGHTS UT 84121
(855) 456-7634

2750 E COTTONWOOD PKWY STE 300, COTTONWOOD HEIGHTS UT 84121
(415) 385-0419

Inquired on 02/16/2026

PO BOX 71466, PHILADELPHIA PA 19176
(800) 200-1513

**TD BANK**
Inquired on 09/09/2025

PO BOX 71466, PHILADELPHIA PA 19176
(207) 828-7176

**THE GOLDMAN SACHS GROUPI**
Inquired on 02/17/2026

200 WEST ST, NEW YORK NY 10282

**WFBNA CARD**
Inquired on 07/30/2025

PO BOX 14579, DES MOINES IA 50306
(800) 967-9521

## Important Messages

**Medical Information**

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others they display only as "MEDICAL PAYMENT DATA." Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Public Records Information**

If your report contains public records, the Public Records section includes items from courts that Experian may have obtained through a third party vendor, LexisNexis Risk Data Management Inc.  You may contact them at LexisNexis Consumer Center, PO Box 105615, Atlanta, GA 30348-5108, or visit https://experianconsumers.lexisnexis.com .

## Contact Experian

**Online**

Visit Experian.com/dispute to dispute any inaccurate information, or click the dispute link next to the item. For FAQs and online access to

**Phone**

**Monday - Friday**
9am to 5pm
(855) 414-6047

your Experian Credit Report, Fraud Alerts, and
Security Freezes, visit Experian.com/help

**Mail**

**Experian**
PO Box 9701
Allen, TX 75013

## Know Your Rights

# Fair Credit Reporting Act (FCRA)

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

## A Summary of Your Rights Under the Fair Credit Reporting Act.

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.**

**You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment — or to take another adverse action against you — must tell you, and must give you the name, address, and phone number of the agency that provided the information.

**You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

- a person has taken adverse action against you because of information in your credit report;
- you are the victim of identity theft and place a fraud alert in your file;
- your file contains inaccurate information as a result of fraud;
- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

**You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property

loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

**You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

**Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

**Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

**Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need — usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

**You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

**You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

**You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

**Identity theft victims and active duty military personnel have additional rights.** For more Information, visit www.consumerfinance.gov/learnmore.

Consumers Have The Right To Obtain A Security Freeze

You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps

to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For more information about your federal rights, contact:**

| FOR QUESTIONS OR CONCERNS REGARDING: | PLEASE CONTACT: |
|---|---|
| **1.a.** Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | **a.** Bureau of Consumer Financial Protection 1700 G Street NW Washington, DC 20552 |
| **b.** Such affiliates that are not banks, savings associations, or credit unions also should list in addition to the Bureau: | **b.** Federal Trade Commission Consumer Response Center 600 Pennsylvania Avenue NW Washington, DC 20580 |
| **2.** To the extent not included in item 1 above: <br><br> **a.** National banks, federal savings associations, and federal branches and federal agencies of foreign banks | **a.** Office of the Comptroller of the Currency Customer Assistance Group P.O. Box 53570 Houston, TX 77052 |
| **b.** State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | **b.** Federal Reserve Consumer Help Center PO Box 1200 Minneapolis, MN 55480 |
| **c.** Nonmember Insured banks, Insured State Branches of Foreign Banks, and insured state savings associations <br><br> **d.** Federal Credit Unions | **c.** Division of Depositor and Consumer Protection National Center for Consumer and Depositor Assistance Federal Deposit Insurance Corporation 1100 Walnut Street, Box #11 Kansas City, MO 64106 |

**d.** National Credit Union
Administration
Office of Consumer Financial
Protection
1775 Duke Street
Alexandria, VA 22314

**3.** Air carriers

Assistant General Counsel for
Office of Aviation Consumer
Protection
Department of Transportation
1200 New Jersey Avenue SE
Washington, DC 20590

**4.** Creditors Subject to Surface Transportation Board

Office of Public Assistance,
Governmental Affairs, and
Compliance
Surface Transportation Board
395 E Street SW
Washington, DC 20423

**5.** Creditors Subject to Packers and Stockyards Act

Nearest Packers and
Stockyards Division Regional
Office

**6.** Small Business Investment Companies

Associate Administrator, Office
of Capital Access
United States Small Business
Administration
409 Third Street SW, Suite 8200
Washington, DC 20416

**7.** Brokers and Dealers

Securities and Exchange
Commission
100 F Street NE
Washington, DC 20549

| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Drive McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

Notification of Rights

- California Fraud State Notice of Rights
- Notification of Rights for California Consumers
- Notification of Rights for Connecticut Consumers
- Notification of Rights for Delaware Consumers
- Notification of Rights for District of Columbia Consumers
- Notification of Rights for Georgia Consumers
- Notification of Rights for Massachusetts Consumers
- Notification of Rights for Missouri Consumers
- Notification of Rights for Montana Consumers
- Notification of Rights for New Hampshire Consumers
- Notification of Rights for New Jersey Consumers
- Notification of Rights for North Carolina Consumers
- Notification of Rights for North Dakota Consumers
- Notification of Rights for Rhode Island Consumers
- Notification of Rights for Tennessee Consumers
- Notification of Rights for Texas Consumers
- Notification of Rights for Vermont Consumers
- Notification of Rights for Virginia Consumers
- Notification of Rights for Washington Consumers
- Notification of Rights for West Virginia Consumers

Advisory Opinion to Darcy (06-30-00) | Federal Trade Commission

**Ex. 2**



# FEDERAL TRADE COMMISSION
## PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.

Asst. General Counsel

TRANS UNION

555 West Adams Street

Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer),

clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

Ex. 3

**BILLING CODE:  4810-AM-P**

**CONSUMER FINANCIAL PROTECTION BUREAU**

**12 CFR Part 1022**

**Fair Credit Reporting; File Disclosure**

**AGENCY:**  Consumer Financial Protection Bureau.

**ACTION:**  Advisory opinion.

**SUMMARY:**  The Consumer Financial Protection Bureau (CFPB or Bureau) is issuing this advisory opinion to address certain obligations that consumer reporting agencies have under section 609(a) of the Fair Credit Reporting Act (FCRA).  This advisory opinion underscores that, to trigger a consumer reporting agency's file disclosure requirement under FCRA section 609(a), a consumer does not need to use specific language, such as "complete file" or "file."  This advisory opinion also highlights the requirements regarding the information that must be disclosed to a consumer under FCRA section 609(a).  In addition, this advisory opinion affirms that consumer reporting agencies must disclose to a consumer both the original source and any intermediary or vendor source (or sources) that provide the item of information to the consumer reporting agency under FCRA section 609(a).

**DATES:**  This advisory opinion is effective on [INSERT DATE OF PUBLICATION IN THE *FEDERAL REGISTER*].

**FOR FURTHER INFORMATION CONTACT:**  Amanda Quester, Alexandra Reimelt, or Ruth Van Veldhuizen, Senior Counsels, Office of Regulations at (202) 435-7700 or https://reginquiries.consumerfinance.gov/.  If you require this document in an alternative electronic format, please contact *CFPB_Accessibility@cfpb.gov*.

**SUPPLEMENTARY INFORMATION:**  The Bureau is issuing this advisory opinion through

the procedures for its Advisory Opinions Policy.[1]  Refer to those procedures for more information.

## I. Advisory Opinion

### A. Background

The FCRA regulates consumer reporting.[2]  Congress enacted the statute "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."[3]  One of the problems with the credit reporting industry that Congress recognized and sought to remedy with the FCRA was that a consumer "is not always given access to the information in [their] file."[4]  In light of its broad remedial and consumer protection purposes, courts have recognized that the FCRA "must be read in a liberal manner in order to effectuate the congressional intent underlying it."[5]

The FCRA also promotes transparency of the credit reporting system to consumers in many ways, including by generally requiring that consumer reporting agencies disclose to consumers all information in their file upon request.  Under section 609(a), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer "[a]ll information in

---

[1] 85 FR 77987 (Dec. 3, 2020).

[2] *See* 15 U.S.C. 1681-1681x.

[3] *Safeco Ins. Co. of Am. v. Barr*, 551 U.S. 47, 52 (2007); *see also* 15 U.S.C. 1681 (recognizing "a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy"); S. Rep. No. 91-517, at 1 (1969) (noting that purpose of the statute is, in part, to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report" and to "prevent an undue invasion of the individual's right of privacy in the collection and dissemination of credit information").

[4] S. Rep. No. 91-517, at 3 (1969) (noting, as an example of this problem, that "[i]nsurance reporting firms generally do not admit to making a report on an individual and ordinarily will not reveal the contents of their file to [them]. Credit bureaus sometimes build roadblocks in the path of the consumer."). When introducing the bill that would become the FCRA, Senator Proxmire stated that "[m]any credit reporting agencies refuse to show consumers their files possibly out of fear of litigation and partly to protect its information sources." 115 Cong. Rec. 2412 (1969).

[5] *See, e.g.*, Fed. Trade Comm'n, *40 Years of Experience With the Fair Credit Reporting Act: An FTC Staff Report With Summary of Interpretations*, at 32 (2011); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3rd Cir. 2010); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("[The FCRA] was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner. These consumer[-]oriented objectives support a liberal construction of the FCRA" (citations omitted).).

the consumer's file at the time of the request" and "[t]he sources of the information."[6] This requirement applies to all consumer reporting agencies.[7] Consumers are entitled to free file disclosures in many circumstances. For example, each nationwide consumer reporting agency and nationwide specialty consumer reporting agency, including any nationwide tenant screening or employment background screening company, must provide at least one free file disclosure annually.[8] Consumers also are entitled to free file disclosures in certain other circumstances, such as in connection with adverse action notices and fraud alerts.[9]

The FCRA defines a consumer's "file" as "all of the information on that consumer that is recorded and retained by a consumer reporting agency, regardless of how the information is stored."[10] Consumer reporting agencies possess files on hundreds of millions of Americans. These files typically include information about, among other things, a consumer's credit, criminal, employment, and rental histories. Consumer reporting agencies may obtain this information from multiple sources, including companies that provide information about their direct experiences with consumers and third parties who gather information from courts and

---

[6] *See* 15 U.S.C. 1681g(a). This requirement is subject to several exceptions. For example, consumer reporting agencies are not required to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer. *See* 15 U.S.C. 1681g(a)(1)(B). The Consumer Credit Reporting Reform Act of 1996 revised FCRA section 609(a) to require that consumers receive all information in the file rather than only the "nature and substance" of the information. Pub. L. 104-208, 110 Stat. 3009 (1996).

[7] *See* 15 U.S.C. 1681a(f) (defining "consumer reporting agency").

[8] *See* 15 U.S.C. 1681j; 12 CFR 1022.136 (centralized source for requesting annual file disclosures from nationwide consumer reporting agencies); 12 CFR 1022.137 (streamlined process for requesting annual file disclosures from nationwide specialty consumer reporting agencies); CFPB, *Bulletin 2012-09* (Nov. 29, 2012) (explaining FCRA's "streamlined process" requirement for consumers to obtain free annual reports from nationwide specialty consumer reporting agencies), https://www.consumerfinance.gov/compliance/supervisory-guidance/bulletin-fcra-process-requirement-consumers/.

[9] *See* 15 U.S.C. 1681j(b)-(d). In other instances, consumers may be required to pay for a file disclosure, with the fee capped by regulation. A list of consumer reporting companies is available at: https://www.consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-companies/companies-list/.

[10] *See* 15 U.S.C. 1681a(g) (defining "file").

other sources of public records.[11]  Errors by a furnisher or a third-party source can affect a consumer's file at many different consumer reporting agencies.[12]  Consumer reporting agencies use the information in consumer files to produce and sell consumer reports,[13] which creditors, insurers, landlords, employers, and others who have a permissible purpose use to make eligibility and other decisions about consumers.  The potential for the vast quantity of information contained in consumer files to include errors poses significant risks to accuracy, fairness, and consumer privacy in the consumer reporting system.

Section 609(a)'s file disclosure requirements are central to the statute's accuracy, fairness, and privacy purposes.  Consumers have a right to see the information consumer reporting agencies keep about them in their files at any time.  Absent file disclosure requirements, a consumer may not be able to review their file, determine whether it contains any incomplete or inaccurate information, and, if it does, file a dispute under FCRA sections 611 and 623, and have the information corrected or deleted.[14]  Disclosure of the information in a consumer's file upon request is a critical component of the FCRA's carefully calibrated dispute provisions.[15]  Moreover, file disclosure also promotes the FCRA's fairness purpose by enabling

---

[11] CFPB, Market Snapshot: Background Screening Reports: Criminal background checks in employment 5-6 (Oct. 2019), https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf.  *See also* Nat'l Consumer Law Ctr., *Broken Records: How Errors by Criminal Background Checking Companies Harm Workers and Business* 10-11 (2012), *https://www.nclc.org/images/pdf/pr-reports/broken-records-report.pdf*.

[12] *See, e.g., Clark v. Trans Union LLC*, No. 3:15cv391, 2016 WL 7197391, at *11 (E.D. Va. Dec. 9, 2016) (stating that "the failure to include LexisNexis in the report creates a material risk that LexisNexis could continue to report inaccurate information to others in the future").

[13] *See* 15 U.S.C. 1681a(d) (defining "consumer report").

[14] *See* 15 U.S.C. 1681i.

[15] *See, e.g., Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941 (7th Cir. 2007) (stating that "a primary purposes of the statutory scheme provided by the disclosure in § 1681g(a)(1) is to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under § 1681i").  In addition, the Bureau has previously emphasized the importance of consumer reporting agencies using disputes to assess furnisher data quality.  For example, the Bureau has directed consumer reporting agencies to revise their accuracy procedures to identify and take corrective action regarding data from furnishers whose dispute response behavior indicates the furnisher is not a source of reliable, verifiable information about consumers.  *See* CFPB, *Supervisory Highlights:* Issue 24, Summer 2021 (June 2021), https://files.consumerfinance.gov/f/documents/cfpb_supervisory-highlights_issue-24_2021-06.pdf.

consumers to identify any negative information in their files that may be used to make credit and other eligibility determinations about them and take steps to improve their credit profiles.[16]

Consumers may suffer significant harm when they are unable to obtain all information in their files upon request. Without access to all information in their file, a consumer often cannot even take the initial steps to dispute inaccurate information in their consumer reports or take well-informed action to improve their credit profile. Disputing inaccurate information on a consumer report and improving one's credit profile, often challenging and time-consuming processes for consumers, are made even more difficult when consumers do not have access to all of the information in their file. For example, if a consumer identifies an error in an item of information in their file, but the consumer reporting agency has only disclosed to the consumer the original source of the information and not also the vendor source that directly provided the information to the consumer reporting agency and from which the error arose, the consumer would not be able to identify the source of the erroneous information and may not be able to correct it.[17]

The CFPB is issuing this advisory opinion to highlight certain file disclosure requirements imposed under FCRA section 609(a). First, this advisory opinion underscores that, to trigger a consumer reporting agency's file disclosure requirement under FCRA section 609(a),

---

[16] The FTC and the CFPB have brought several enforcement actions to address violations of the FCRA's file disclosure requirements. *See, e.g., FTC v. TransUnion Rental Screening Solutions, Inc.*, No. 1:23-cv-2659 (D. Colo. 2023) (alleging that defendant violated FCRA section 609(a) by failing to disclose the sources of information contained in consumers' files in response to consumers' requests); *United States v. HireRight Solutions, Inc.*, No. 112-cv-01313 (D.D.C. 2012) (alleging that defendant violated FCRA section 609(a)(1) by either failing to provide consumers with information in their files or failing to do so upon request); *United States v. First Advantage SafeRent, Inc.*, No. 8:10-cv-0090-PJM (D. Md. 2010) (alleging that defendant violated FCRA section 609(a)(1) by rejecting requests for file disclosure submitted by facsimile and requiring consumers complete and submit a written file disclosure request form through the U.S. mail); *In re MIB, Inc. (d/b/a Medical Information Bureau)*, 101 F.T.C. 415 (1983) (alleging that defendant violated FCRA section 609(a) when it required consumer to sign a release form as a prerequisite for obtaining their file disclosure).

[17] *See Leo v. AppFolio, Inc.*, No. 17-5771 RJB, 2018 WL 623647, at *8 (W.D. Wash. Jan. 30, 2018).

a consumer does not need to use specific language, such as "complete file" or "file." Next, this advisory opinion highlights the requirements regarding the information that must be disclosed to a consumer under FCRA section 609(a). Finally, this advisory opinion affirms that consumer reporting agencies must disclose to a consumer both the original source and any intermediary or vendor source (or sources) that provide the item of information to the consumer reporting agency under FCRA section 609(a).

### B. Coverage

This advisory opinion applies to all "consumer reporting agencies," as that term is defined in FCRA section 603(f).

### C. Legal Analysis

#### 1. Requests under FCRA Section 609(a)

Section 609(a) of the FCRA provides, with certain exceptions, that "[e]very consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer, among other things: (1) All information in the consumer's file at the time of the request . . .; and (2) The sources of the information." Section 610 in turn specifies the conditions and form of disclosures to consumers. The Bureau is aware that some industry stakeholders have taken the position that consumers must use specific language in order to request file disclosures under section 609(a), such as the term "complete file."[18] As the Third Circuit recently held, such requirements

---

[18] *See, e.g.*, Brief of the Chamber of Commerce of the United States as *Amicus Curiae* in Support of Appellees, *Kelly v. RealPage, Inc.*, No. 21-1672 (Aug. 5, 2021), https://www.chamberlitigation.com/cases/kelly-v-realpage-inc at 5, 28-29 (arguing that to trigger the requirements of FCRA section 609(a) "the request must specifically be for '[a]ll information in the consumer's file,' meaning the complete file"); Brief of *Amici Curiae* Consumer Data Industry Association and Professional Background Screening Association in Support of Defendants-Appellees and Affirmance, *Kelly v. RealPage, Inc.*, No. 21-1672 (Aug. 5, 2021), https://www.cdiaonline.org/wp-content/uploads/2021/08/2021-08-05-CDIA-Amicus.pdf at 7, 14-19. According to these stakeholders, a request for a "report" would not trigger section 609(a)'s disclosure obligations. These arguments were recently rejected by the Third Circuit. *Kelly v. RealPage, Inc.*, 47 F.4th 202, 219-20 (3rd Cir. Aug. 24, 2022) ("Nothing in the statute's text,

contravene the FCRA.[19]  The CFPB interprets the FCRA to require consumer reporting agencies to provide a file disclosure upon receipt of a "request" from a consumer who provides proper identification even if the consumer does not use the specific term "request," "file," "complete file," or any other specific words in making such a request.

To obtain a file disclosure, the FCRA does not require consumers to use any specific language.  Instead, the statute requires consumers to do two things: make a "request" and provide proper identification.[20]  Once these conditions are satisfied, FCRA section 609(a) states that a consumer reporting agency "shall" provide the file disclosure.  The statute's use of "shall" in this context makes clear that a consumer reporting agency may not add additional conditions as a prerequisite to complying with section 609(a).[21]

The statute does not define the term "request" as used in section 609(a).  In construing the term's meaning, the Bureau is guided by the statute's broad remedial purposes.[22]  As noted above, it is clear that one of Congress's goals in the FCRA was to facilitate consumers' access to their own information and, through such access, to promote the accuracy, privacy, and fairness of the consumer reporting system.[23]  These goals would be thwarted if a consumer's right to a file disclosure depended upon the use of specific words—particularly since no such requirement appears in the statute and because consumers are unlikely to know which words any particular

---

context, purpose, or history indicates that any magic words are required for a consumer to effect a 'request' under § 1681g(a) or that a consumer's request for 'my consumer report' is any less effective at triggering the [consumer reporting agency]'s disclosure obligations than a request for 'my file.'").

[19] *Kelly v. RealPage, Inc.*, 47 F.4th 202, 221 (3rd Cir. 2022) ("[W]hen read as a whole, the statute is unambiguous in providing that any generalized 'request' by a consumer for the [consumer reporting agency]'s information about her triggers the CRA's disclose obligation under § 1681g(a).").

[20] 15 U.S.C. 1681g(a), 1681h(a)(1).

[21] This is consistent with longstanding interpretations from FTC staff. *See, e.g.,* Fed. Trade Comm'n, *40 Years of Experience With the Fair Credit Reporting Act: An FTC Staff Report With Summary of Interpretations*, at 75 & n.248, citing 1990 comment 610-2 (2011).

[22] *See supra* note 5.

[23] *See supra* notes 3, 4.

7

consumer reporting agency expects to hear before honoring its file disclosure obligations.  As the Third Circuit explained, if the FCRA were read otherwise:

> [C]onsumers could only access their files pursuant to [section 609(a)] if they are familiar with the esoteric distinction between "files" and "consumer reports" in the Definitions section of the FCRA.  Construing [section 609(a)] in this way would severely limit consumers' "access to . . . information in [their] file" and frustrate their ability to know when they are "being damaged by an adverse credit report," or to "correct[] inaccurate information" in their report.[24]

Thus, to obtain a file disclosure under section 609(a), a consumer need not specifically request "[a]ll information in the consumer's file" or request a "complete file" or even use the word "file."  For example, a consumer's request to a consumer reporting agency for a "report" or "credit report" or "consumer report" or "file" or "record," along with proper identification, trigger a consumer reporting agency's obligation under section 609(a).

The CFPB's interpretation of section 609(a)—that consumers do not need to use the words "file" or "complete file" to invoke their right to a file disclosure—is consistent with the way Congress itself refers to section 609(a) requests in parts of the FCRA.  Although section 609(a) requires disclosure of all information in the consumer's "file" (with only limited, specified exceptions), Congress used the term "consumer report" as a short-hand term for the disclosures required by section 609(a) in some sections that refer to consumer requests and consumer-facing materials.[25]  For example, FCRA section 609(c)(1)(B)(i) requires that the Summary of Rights provided to consumers include a description of "the right of the consumer to obtain a copy of a consumer report under [FCRA section 609(a)]."[26]  Similarly, FCRA section

---

[24] *Kelly v. RealPage, Inc.*, 47 F.4th 202, 221 (3rd Cir. Aug. 24, 2022); *see also Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680, 684 (N.D. Ga. 2013) ("[A] consumer who requests his 'report,' without limitation, is entitled to his entire consumer file.").

[25] Presumably Congress appreciated that "consumer report" is a an easy-to-understand term for consumers even if it is somewhat imprecise in describing what must be disclosed under section 609(a).

[26] 15 U.S.C. 1681g(c)(1)(B)(i).

8

612(a)(1), which requires nationwide consumer reporting agencies and nationwide specialty consumer reporting agencies to "make all disclosures pursuant to section [609(a)]" available for free annually, later refers to such file disclosures as "consumer reports" when it refers to a "streamlined process for consumers to request consumer reports under [FCRA section 612(a)(1)(A)]."[27]

### 2. *Information Required to Be Disclosed Under FCRA Section 609(a)(1)*

Section 609(a) of the FCRA generally requires consumer reporting agencies to, upon request, "clearly and accurately" disclose "all information in the consumer's file at the time of the request." To meet this standard, a file disclosure must be understandable to the average consumer.[28] It must assist a consumer in identifying inaccuracies in their file, exercising their rights to dispute any incomplete or inaccurate information, and knowing when they are being impacted by adverse information in their file.[29]

Some consumers are experiencing difficulty in obtaining clear, accurate, and complete file disclosures, particularly from background screening companies. As discussed below, in this advisory opinion the Bureau is highlighting that (1) section 609(a)(1) of the FCRA requires that a consumer reporting agency clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request, including, among other things, all information the consumer reporting agency provided or might provide to a user, and (2) when a consumer reporting agency provides only summarized information to a user, section 609(a)(1) of the FCRA

---

[27] 15 U.S.C. 1681j(a)(1). The implementation of free file disclosure requirement for nationwide consumer reporting agencies also makes it clear that consumers do not need use the term "file" or "complete file" to invoke their rights under FCRA section 609(a). FCRA section 612(a)(1)(B) requires the nationwide consumer reporting agencies to make free annual section 609(a) disclosures via a "centralized source." The nationwide consumer reporting agencies do so through the website annualcreditreport.com, which is the only authorized website for obtaining such disclosures and which refers to those disclosures as "credit reports." 12 CFR 1022.136.
[28] *See, e.g., Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018).
[29] 15 U.S.C. 1681i(a); 1681s-2.

requires that the consumer reporting agency provide the consumer with the information that formed the basis of the summarized information given to the user.

Section 609(a) generally requires a consumer reporting agency to provide a consumer with a file disclosure that, among other things, accurately reflects the information the consumer reporting agency provided or might provide to a user.[30] For example, a consumer reporting agency must provide a file disclosure to the consumer that allows the consumer to see criminal history information in the format that users see or will see it, so that the consumer can check for any inaccuracies and exercise their rights to dispute any information that may be inaccurate as presented to users (such as duplicative listings for a single case).

Additionally, there are a number of situations under the FCRA where a consumer reporting agency must provide information that is not or would not be included in a user report when providing a file disclosure under FCRA section 609(a).[31] One example of such a situation is when only summarized information, such as a credit or risk score, a tenant screening score, or a recommendation is provided to users. The CFPB interprets FCRA section 609(a)(1)'s requirement to disclose to the consumer "all information in the consumer's file at the time of the request" to include information that formed the basis of summarized information that a consumer reporting agency provided to a user. Providing only summarized information to users does not relieve a consumer reporting agency of its obligations under the plain language of section 609(a)(1) to provide to the consumer "all information in the consumer's file at the time of the request."

---

[30] Note that the requirement in FCRA section 609(a)(1) that consumer reporting agencies disclose "[a]ll information in the consumer's file at the time of the request" is subject to exceptions. For example, section 609(a)(1)(B) does not require consumer reporting agencies to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer. *See* 15 U.S.C. 1681g(a)(1)(B).
[31] *See, e.g.,* 15 U.S.C. 1681g(a)(2) (requiring disclosure of the sources of the information).

If a consumer reporting agency disclosed nothing to a consumer when it only provided summarized information to a user, the consumer would be unaware of the records upon which the summarized information was based, undermining the consumer's ability to exercise their right to dispute any incomplete or inaccurate information contained in their file.[32]  This would also be the case if a consumer reporting agency disclosed to a consumer the summarized information it provided to a user without also disclosing the underlying information in the file.

The Bureau's interpretations regarding information required to be disclosed under section 609(a)(1) are consistent with the FCRA's purposes.  When initially passing the FCRA, Congress stated that "under this bill credit reporting agencies are required to make full disclosure to the consumer of all of the information obtained.  The consumer will then be given the opportunity to correct inaccurate or misleading data."[33]  The FCRA provides consumers the right to dispute any incomplete or inaccurate information contained in the consumer's file.[34]  A consumer's ability to exercise this right is damaged if consumer reporting agencies withhold information that they are required to disclose under section 609(a)(1), including information that reveals inaccuracies in reports provided to users or information that forms the basis of summarized information (such as tenant screening scores).  Withholding such information would also damage a consumer's ability to know when they are being impacted by adverse information in their file.

### 3. Sources of Information under FCRA Section 609(a)(2)

Section 609(a) of the FCRA generally requires consumer reporting agencies to, upon request, disclose all information in the consumer's file at the time of the request and the sources

---

[32] 15 U.S.C. 1681i(a).

[33] 115 Cong. Rec. 33408, 33412 (1969). *See also Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 33 (2d Cir. 2016) ("The purpose of § 1681g…is to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties.").

[34] 15 U.S.C. 1681i(a).

of the information.[35] The CFPB is aware that, in response to these consumer requests, some consumer reporting agencies are not disclosing all sources of an item of information in the consumer's file and instead have disclosed only one source of the item of information. For example, some consumer reporting agencies that acquire public record information (e.g., eviction proceeding records) from a vendor are only disclosing to consumers the jurisdiction that was the original source for these records (e.g., the county court). The Bureau continues to interpret FCRA section 609(a)(2)'s requirement to disclose "the sources of the information" to include both the original source and any intermediary or vendor source (or sources) that provide the item of information from the original source to the consumer reporting agency.

The CFPB's interpretation is based on the plain language of FCRA section 609(a)(2) itself, which refers to "sources" in the plural. The statute does not limit this requirement to "a source" or "the original source" of the information.[36] This interpretation is also consistent with the FTC's *40 Years Report*, which states that "CRAs must disclose the sources of information in the consumer's file, except for sources of information acquired solely for use in preparing an investigative consumer report."[37]

---

[35] 15 U.S.C. 1681g(a). FCRA section 609(a)(2) requires disclosure of "[t]he sources of the information" but provides that "the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: *Provided,* That in the event an action is brought under this title, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought." 15 U.S.C. 1681g(a)(2).

[36] Courts have found that all sources of the information must be disclosed to consumers. *See, e.g., Clark v. Trans Union LLC,* No. 3:15cv391, 2016 WL 7197391, at *11 (E.D. Va. Dec. 9, 2016) (stating that "TransUnion's argument that it properly disclosed the 'ultimate sources' of information, but not the supposedly less pertinent LexisNexis disclosure as to how the data was collected, or by whom, does not persuade"); *Dennis v. Trans Union, LLC,* 2014 WL 5325231, at *7 (E.D. Pa. Oct. 20, 2014) (stating that "[a]s the plain language of Section 1681g(a)(2) does not limit 'sources' in any way, the Court will not impose a limitation on the number of sources a CRA could have, and therefore be required to disclose, for a particular piece of information"). *But see Shimon v. Equifax Info. Servs.* LLC, 994 F.3d 88, 93 (2d Cir. 2021) (granting summary judgment to consumer reporting agency because not "objectively unreasonable" to fail to disclose third-party vendor as the source of information).

[37] Fed. Trade Comm'n, *40 Years of Experience With the Fair Credit Reporting Act: An FTC Staff Report With Summary of Interpretations,* at 71 (2011). FTC staff published the *40 Years Report,* an updated compilation of past FTC interpretations of the FCRA, to coincide with the transfer of authority to the Bureau. Effective July 21, 2011, the Dodd-Frank Act transferred rulemaking authority related to most of the FCRA to the Bureau, giving the Bureau the primary regulatory and interpretive roles under the FCRA.

Additionally, and as described in part I.C.1, a consumer does not need to use specific language to trigger a consumer reporting agency's obligations under FCRA section 609(a)(2). As such, consumers do not need to specifically request that consumer reporting agencies identify *all* the sources of the information in their file in in order to be entitled to receive such information. This interpretation is consistent with the principle that the FCRA should be construed in light of its broad remedial purpose.[38]

The Bureau's interpretation also is consistent with the FCRA's purposes. Congress passed the FCRA in part to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report."[39] The FCRA achieves this by, among other things, providing consumers the right to obtain, upon request, all information in their file and the sources of that information and the right to dispute any incomplete or inaccurate information. The statutory right provided by FCRA section 609(a)(2) enables consumers to understand the true sources of any incomplete or inaccurate information in their file and helps them to address such errors more effectively.[40] For example, many consumer reporting agencies, including background screening companies, obtain public records information from vendors. Vendors often provide only distilled versions of these records that do not contain all the information housed by the jurisdiction from which the records originated and sometimes contain mistakes or fail to include the most up-to-date status of the public records. If a consumer

---

[38] *See supra* note 5.

[39] S. Rep. No. 91-517, at 1 (1969).

[40] Courts have recognized the importance of the disclosure of all sources for consumers to dispute inaccuracies and prevent the reoccurrence of inaccuracies. *See, e.g., Clark v. Trans Union LLC*, No. 3:15cv391, 2016 WL 7197391, at *11 (E.D. Va. Dec. 9, 2016) (stating that "the omission of LexisNexis as a source deprived Clark of her congressionally-mandated right to correct the mistake with LexisNexis, or with anyone else to whom LexisNexis also may have disclosed the inaccurate information. Moreover, the failure to include LexisNexis in the report creates a material risk that LexisNexis could continue to report inaccurate information to others in the future."); *Leo v. AppFolio, Inc.*, No. 17-5771 RJB, 2018 WL 623647, at *8 (W.D. Wash. Jan. 30, 2018) (noting that AppFolio's failure to properly identify the vendor who provided the data would make it harder for the plaintiff to correct the misreporting).

13

reporting agency discloses to a consumer only the original jurisdiction as the source of the information and does not also disclose the vendor, or conversely, if the consumer reporting agency discloses to a consumer only the vendor and does not also disclose the original source of the information, the consumer may not be able to correct any erroneous public records information that could be included in their files at all of the consumer reporting agencies that receive data from the vendor.[41]  Interpreting FCRA section 609(a)(2) to allow a consumer reporting agency to disclose to a consumer only a single source of the information, and not all sources of the information, would undermine the FCRA's purposes by limiting consumers' ability to understand the sources of the often highly sensitive information in their file and to address and prevent further dissemination of incomplete or inaccurate data.

In addition to provisions authorizing Federal and State enforcement,[42] the FCRA contains two provisions relating to civil liability to consumers for noncompliance.  Section 617 provides that "any person who is *negligent* in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to" the consumer's actual damages, and costs and reasonable attorney's fees.[43]  Section 616 provides that "any person who *willfully* fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to" actual or statutory damages of up to $1,000 per violation, such punitive damages as the court allows, and costs and reasonable attorney's fees.[44]  A violation is willful when it is inconsistent with "authoritative

---

[41] *See, e.g., Clark v. Trans Union LLC,* No. 3:15cv391, 2016 WL 7197391, at *11 (E.D. Va. Dec. 9, 2016); *Leo v. AppFolio, Inc.,* No. 17-5771 RJB, 2018 WL 623647, at *8 (W.D. Wash. Jan. 30, 2018).
[42] 15 U.S.C. 1681s.
[43] 15 U.S.C. 1681o (emphasis added).
[44] 15 U.S.C. 1681n (emphasis added); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 57-58 (2007) (construing meaning of "willful").

14

guidance" from a relevant agency.[45] As with any guidance issued by the CFPB on the FCRA, or predecessor agencies that were responsible for administering the FCRA prior to the CFPB's creation, consumer reporting agencies risk liability under section 616 if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance.

## II. Regulatory Matters

This advisory opinion is an interpretive rule issued under the Bureau's authority to interpret the FCRA, including under section 1022(b)(1) of the Consumer Financial Protection Act of 2010,[46] which authorizes guidance as may be necessary or appropriate to enable the Bureau to administer and carry out the purposes and objectives of Federal consumer financial laws.[47]

The Bureau has determined that this advisory opinion does not impose any new or revise any existing recordkeeping, reporting, or disclosure requirements on covered entities or members of the public that would be collections of information requiring approval by the Office of Management and Budget under the Paperwork Reduction Act.[48]

Pursuant to the Congressional Review Act,[49] the Bureau will submit a report containing this interpretive rule and other required information to the United States Senate, the United States House of Representatives, and the Comptroller General of the United States prior to the rule's published effective date. The Office of Information and Regulatory Affairs has designated this interpretive rule as not a "major rule" as defined by 5 U.S.C. 804(2).

---

[45] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007); *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 253 (3d Cir. 2012).
[46] Pub. L. 111-203, 124 Stat. 1376 (2010).
[47] 12 U.S.C. 5512(b)(1).
[48] 44 U.S.C. 3501-3521.
[49] 5 U.S.C. 801 *et seq.*

**Rohit Chopra,**

*Director, Consumer Financial Protection Bureau.*